**Eden AHBEZ, Plaintiff,**

v.

**EDWIN H. MORRIS & CO., INC., MPL Communications, Inc., Edwin H. Morris & Co., Ltd., and Crestview Music Corp., Defendants.**

**No. 82 Civ. 2105 (DNE).**

United States District Court, S. D. New York.

Oct. 8, 1982.

Wyshak & Wyshak, R. H. Wyshak, Beverly Hills, Cal., of counsel, for plaintiff.

Schwartz, Klink & Schreiber, P. C., New York City, Catherine A. Ribnick, Washington, D. C., of counsel, for defendant Chappel Morris (referred to in the complaint as Edwin H. Morris & Co., Ltd.).

Eastman & Eastman, John L. Eastman, New York City, of counsel, for defendants Edwin H. Morris & Co., Inc., MPL Communications, Inc., and Edwin H. Morris.

## MEMORANDUM OPINION

EDELSTEIN, District Judge:

This is an action for copyright infringement brought under the Copyright Act, 17 U.S.C. § 1 *et seq.,* the Copyright Revision Act of 1976, 17 U.S.C. §§ 101, 412, 501–504 (referred to collectively as the "Copyright Act"), and the Declaratory Judgment Act, 28 U.S.C. § 2201. Jurisdiction is predicated under 28 U.S.C. §§ 1332, 1338 and 2201.

1. As indicated in ¶¶ 7–8 of the Complaint, Crestview published "Nature Boy" with the proper copyright notice. Ahbez has not challenged the validity of Crestview's copyright of the composition.

Plaintiff Eden Ahbez ("Ahbez") is an author of musical compositions, and alleges that he wrote the words and music to a composition entitled "Nature Boy." Ahbez further alleges that in October, 1947 he entered into a songwriter's agreement under which he assigned his rights in "Nature Boy" for the United States and the British Empire to Burke & Van Heusen, Inc., that Burke & Van Heusen subsequently assigned its rights to defendant Crestview Music Corp. ("Crestview"), and that on April 9, 1948, Crestview published "Nature Boy" in the United States.[1]

Ahbez contends that in May, 1948, all of the defendants conspired "to defraud him and deprive him of revenue and sales of his copyrighted work throughout Europe by infringing his copyright by licensing, publishing, recording and commercially exploiting "Nature Boy" throughout Europe." Complaint, ¶ 18. The allegations in support of this claim are that the defendants prepared a letter agreement dated May 31, 1948 by which Crestview purported to grant to defendant Edwin H. Morris & Co., Ltd. (now known as Chappel Morris, Ltd. and referred to herein as "Chappel Morris") Crestview's rights to "Nature Boy" in the British Empire and Europe, and that sometime in 1948 Edwin H. Morris ("Morris"),[2] representing defendants Edwin H. Morris & Co., Inc. ("EHM, Inc.") and Chappel Morris met with Ahbez in Los Angeles to attempt to negotiate an agreement for the European rights to "Nature Boy." Ahbez alleges that a proposed agreement to this effect was drafted but that he "was at no time presented with a final draft and no agreement was reached or executed." Complaint, ¶ 9. Ahbez also alleges that in January, 1952, Sidney Kornheizer, representing Morris, EHM, Inc., and Chappel Morris, met with Ahbez in Los Angeles and Ahbez informed him that no agreement relating to the European rights of "Nature Boy" had been reached.

2. Edwin H. Morris was originally a defendant in this action, but on September 23, 1982 Ahbez dismissed this action as to him.

Ahbez states that a written agreement dated January 25, 1952 was prepared assigning the rights to "Nature Boy" and the copyright thereof for the entire world, except the United States and the British Empire, to EHM, Inc., but that this agreement was also never executed by him. Ahbez acknowledges that on approximately January 31, 1952 he executed an Assignment of Copyright which purports to assign the rights to "Nature Boy" for the entire world, except the United States and the British Empire, to EHM, Inc. subject to the unexecuted letter agreement dated January 25, 1952.

In the first claim for relief, Ahbez seeks a declaratory judgment that the assignment of "Nature Boy" throughout the entire world, except the United States and the British Empire, is invalid insofar as § 28 of the Copyright Act requires the assignment of a copyright to be in writing. In the second claim for relief, Ahbez seeks to recover damages sustained as a result of defendants' alleged infringement throughout Europe of his copyright in "Nature Boy." Ahbez also seeks a permanent injunction prohibiting defendants from infringing his copyright.

On July 8, 1981, Ahbez commenced this action by filing a summons and complaint in the United States District Court for the Central District of California. On November 6, 1981, defendants MPL Communications, Inc. ("MPL"), EHM, Inc., and Lee Eastman filed a motion: (1) to dismiss the action pursuant to Fed.R.Civ.P. 12(b)(2) on the ground that the court lacks personal jurisdiction; (2) to dismiss the action pursuant to Fed.R.Civ.P. 12(b)(6) on the ground that the complaint fails to state a claim upon which relief can be granted; (3) to dismiss the action pursuant to Fed.R.Civ.P. 12(b)(3) for improper venue; and (4) to transfer the action pursuant to 28 U.S.C. §§ 1404(a) and 1406(a) in the interest of justice. By order dated December 29, 1981, the court by the Honorable Terry J. Hatter,

dismissed the action as to Lee Eastman and transferred the action with respect to defendants MPL and EHM, Inc. to the Southern District of New York.

On March 2, 1982, Morris filed a motion to dismiss the action for lack of subject matter jurisdiction or to transfer the action. On March 11, 1982, Crestview filed a motion to dismiss the action for lack of personal and subject matter jurisdiction, or to transfer the action. On March 26, 1982, Chappel Morris filed a motion to dismiss the action for lack of personal jurisdiction, failure to state a claim for which relief can be granted, and lack of venue. In an order dated April 21, 1982, Judge Hatter dismissed the action as to Crestview, and transferred the action with respect to defendants Morris and Chappel Morris to the Southern District of New York.

On April 21, 1982, this action was transferred to the Southern District of New York, and assigned to Judge Pierre N. Leval. On June 11, 1982, Judge Leval recused himself from this matter, and the case was reassigned on the same date to this court. On September 3, 1982, Ahbez moved pursuant to Fed.R.Civ.P. 15(a) to amend the complaint.[3] Chappel Morris has submitted papers opposing Ahbez's motion to amend the complaint. Thus, before the court are MPL, Chappel Morris, Crestview and EHM, Inc.'s motions to dismiss the complaint and Ahbez's motion to amend the complaint.

Defendants contend that this court lacks subject matter jurisdiction of this action insofar as Ahbez's claim of infringement arises from alleged acts undertaken by the defendants and others in Europe, and as such is not cognizable under the United States Copyright Act, 17 U.S.C. § 1 *et seq.* Accordingly, defendants argue, the court lacks jurisdiction under 28 U.S.C. § 1338(a). Chappel Morris also contends that this court lacks personal jurisdiction over it because it has insufficient contacts with the United

---

**3.** The proposed amended complaint differs from the original complaint only insofar as it deletes all allegations respecting Lee Eastman, and adds an allegation against Ivan Mogull, who Ahbez alleges is the sole shareholder of Crestview.

States to predicate personal jurisdiction,[4] and that venue in the Southern District of New York is improper.

■ As a general rule, acts of copyright infringement which occur outside the United States are not cognizable under the Copyright Act. *Robert Stigwood Corp., Ltd. v. O'Reilly,* 530 F.2d 1096 (2d Cir.), *cert. denied,* 429 U.S. 848, 97 S.Ct. 135, 50 L.Ed.2d 121 (1976); *Sheldon v. Metro-Goldwyn Pictures Corp.,* 106 F.2d 45 (2d Cir. 1939), *aff'd,* 309 U.S. 390, 60 S.Ct. 681, 84 L.Ed. 825 (1940). In *Robert Stigwood,* the court affirmed the trial court's exclusion of damages caused by defendants' infringing acts in Canada, notwithstanding the fact that all the necessary elements for the infringing performances in Canada were assembled and arranged in the United States. *Robert Stigwood, supra,* at 1100. The court rejected plaintiffs' argument that where the acts in the United States constitute "an integral part" of the extraterritorial infringing act the defendants should be held liable for their foreign actions. The court held that at a minimum, an act of infringement within the United States is required to hold the defendant accountable for related infringing acts occurring outside this country.[5] *Id.* at 1100–01; *See Sheldon, supra,* at 52; *Famous Music Corp. v. Seeco Records, Inc.,* 201 F.Supp. 560, 568–69 (S.D. N.Y.1961).

■ Ahbez has failed to allege any infringing acts occurring in the United States. Absent such a showing, Ahbez can not avoid application of the general rule that the copyright laws do not have extraterritorial operation. *Robert Stigwood, supra,* at 1101; *Capitol Records, Inc. v. Mercury Records Corp.,* 221 F.2d 657, 662 (2d Cir. 1955). Accordingly, defendants' motion is granted as Ahbez has failed to establish

subject matter jurisdiction under 28 U.S.C. § 1332.[6] The complaint herein is dismissed without prejudice.

■ Similarly, Ahbez's motion to amend the complaint is denied without prejudice insofar as the proposed amended complaint would not cure the fatal deficiency of the original complaint. *DeLoach v. Woodley,* 405 F.2d 496, 496–97 (5th Cir. 1968) ("liberal amendment rules of F.R.Civ.P. 15(a) do not require that courts indulge in futile gestures."); see, *S. S. Silverblatt, Inc. v. East Harlem Pilot Block,* 608 F.2d 28, 42 (2d Cir. 1979); *Marcraft Recreation Corp. v. Francis Devlin Co.,* 506 F.Supp. 1081, 1087 (S.D.N.Y. 1981); *Halpert v. Wertheim & Co.,* 81 F.R.D. 734, 735 (S.D.N.Y.1979).

SO ORDERED.

---

4. *See* Declaration In Support of Special Appearance for Motion to Dismiss of Peter Burrows, Secretary of Chappel Morris, dated April 2, 1982.

5. To this same effect, *see,* 3 *Nimmer on Copyright* § 17.02 (1982): "if and to the extent a part of an 'act' of infringement occurs within the United States, then, although such act is completed in a foreign jurisdiction, those parties who contributed to the act within the United States may be rendered liable under American copyright law. (Citations omitted).

6. Because of the disposition of this motion, the court does not reach the other grounds for defendants' motions.