Irma ZEIGAN and Jay
Skoller, Plaintiffs,

v.

BLUE CROSS AND BLUE SHIELD OF
GREATER NEW YORK, Blue Cross As-
sociation, Blue Shield Association and
the United States of America, Defend-
ants.

No. 81 Civ. 4036(MEL).

United States District Court,
S.D. New York.

May 9, 1985.
As Amended June 4, 1985.

Tedd Blecher, New York City, for plaintiffs.

Breed, Abbott & Morgan, New York City, for defendants Blue Cross and Blue Shield of Greater New York, Blue Cross and Blue Shield Assn.

LASKER, District Judge.

In an earlier opinion, *Skoller v. Blue Cross-Blue Shield,* 584 F.Supp. 288 (S.D.N.Y.1984), the claims asserted against defendants Blue Cross and Blue Shield of Greater New York and Blue Cross and Blue Shield Association (collectively referred to as "BCBS" or "the corporate defendants") were dismissed.[1] Three causes of action, (1) alleging that BCBS has breached a contract with the plaintiffs, Irma Zeigan (formerly Skoller) and her son Jay Skoller; (2) that BCBS unlawfully discriminated against the plaintiffs; (3) and that BCBS is in violation of the federal antitrust laws, were dismissed with leave for plaintiffs to file a motion to amend. *See id.* at 293 n. 4.

Plaintiffs now move to amend their complaint to assert four causes of action solely against the corporate defendants and a fifth cause of action jointly against the Blue Cross and Blue Shield Association and the United States. All five proposed amended claims are opposed by BCBS on the grounds of futility, timeliness, and lack of good faith. The motion is granted in part and denied in part.[2]

---

1. No action was taken as to two other causes of action asserted against the United States because, other than filing an answer to the complaint, the government has not, until quite recently, participated in this case.

2. The proposed amended complaint, unlike the original complaint, is framed as a class action on behalf of all BCBS subscribers who have incurred hospitalization costs relating to mental illness from 1977 until the date of certification. *See* Proposed Amended Complaint ¶ 7, *reprinted*

BCBS first asserts that amendment should be denied on the ground of futility because all five of the proposed claims asserted against it are defective. In the view of BCBS, the first proposed cause of action, which alleges that the corporate defendants violated the federal antitrust laws, is "too vague, confused and conclusory to stand." Defendants' Memorandum of Law, filed July 16, 1984, at 6.

The proposed claim alleges in relevant part that the defendants have engaged in an unlawful combination and conspiracy in restraint of trade through a boycott of non-member BCBS hospitals in connection with the furnishing of treatment for mental illness and hospitalization to BCBS subscribers, and that as a consequence of this practice non-member BCBS hospitals have been hindered in the provision of hospitalization for the treatment of mental illness while member BCBS hospitals have obtained a corresponding competitive advantage with respect to the provision of this service. See Proposed Amended Complaint, ¶¶ 19–20, reprinted in, Plaintiffs' Notice of Motion, filed May 23, 1984.

Plaintiffs contend that this claim is sufficient since it is closely modeled upon the elements of the antitrust cause of action discussed in Blue Shield v. McCready, 457 U.S. 465, 102 S.Ct. 2540, 73 L.Ed.2d 149 (1982). In that case, the Supreme Court held that an individual subscriber to a prepaid group health plan purchased by her employer from Blue Shield of Virginia had standing to sue Blue Shield for violating the federal antitrust laws. See id. at 472–85, 102 S.Ct. at 2545–52. The subscriber's complaint alleged that Blue Shield had participated in an unlawful conspiracy in violation of Section 1 of the Sherman Antitrust Act, 15 U.S.C. § 1 (1982), affecting the market for psychotherapy services by excluding and boycotting clinical psychologists from receiving compensation under the Blue Shield from receiving compensation under the Blue Shield health care plans. See Blue Shield v. McCready, supra, 457 U.S. at 469–70, 102 S.Ct. at 2543–44. The Court noted that the conspiracy was directed at psychologists in an effort to halt their encroachment into the market for psychotherapy services which physicians and psychiatrists had sought to preserve for themselves. See id. at 478–79, 102 S.Ct. at 2548.

Although Federal Rule of Civil Procedure 15(a) provides that "leave shall be freely given [to amend pleadings] when justice so requires", the Court of Appeals for this Circuit has pointed out that "[a] trial court does not abuse its discretion in denying leave to amend a complaint which even as amended would fail to state a cause of action." S.S. Silberblatt, Inc. v. East Harlem Pilot Block, 608 F.2d 28, 42 (2d Cir.1979); see also Ahbez v. Edwin H. Morris & Co., 548 F.Supp. 664, 667 (S.D.N.Y.1982) (motion to amend complaint denied without prejudice due to futility of amendment). On the other hand, amendment of pleadings is generally favored in order "to facilitate a proper decision on the merits." Conley v. Gibson, 355 U.S. 41, 48, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957); Holiday Publishing Co. v. Gregg, 330 F.Supp. 1326, 1328 (S.D.N.Y.1971).

■ In this case, plaintiffs' motion to amend by adding the first proposed cause of action must be denied because the claim does not allege the type of restraint of trade cognizable under the federal antitrust laws. The proposed cause of action asserts that the defendants have conspired to hinder non-member BCBS hospitals which provide hospitalization for the treatment of mental illness to the benefit of member BCBS hospitals which provide a comparable service. However, the proposed amended complaint also alleges that BCBS has refused to compensate *member* BCBS hospitals for long-term hospitalization arising from the treatment of mental illness. See Proposed Amended Complaint, *supra,* ¶ 26. As a result, the com-

in, Plaintiffs' Notice of Motion, filed May 23, 1984. Plaintiffs have not moved for class certification and we accordingly deny this aspect of

their motion to amend given the absence of briefing by the parties as to this issue.

plaint fails to allege restraint of trade within a given market. Unlike *Blue Shield v. McCready, supra,* the proposed amended complaint is not concerned with the market for psychotherapy services because it alleges that the corporate defendants compensate no hospitals for long-term hospitalization related to mental illnesses. For the same reason, we cannot accept the proposed claim's assertion that BCBS nonmember hospitals are placed at a competitive disadvantage with respect to hospitalization for the treatment of mental illness because plaintiffs' suit, as we understand it, is bottomed on the refusal of a member BCBS hospital to bear the full cost of providing long-term mental illness hospitalization, thereby forcing plaintiffs to turn to a nonmember BCBS hospital for assistance. Accordingly, that portion of plaintiffs' motion which seeks leave to add a proposed antitrust cause of action is denied because the proposed claim does not allege a market in which competition is restrained.

The proposed second cause of action alleges that the corporate defendants are in breach of their contract with BCBS subscribers because they refused to pay for long-term hospitalization for mental illness at BCBS member hospitals. In the earlier opinion, plaintiffs' two and one-half line claim alleging a breach of contract was dismissed because it failed to meet the requirements of Federal Rule of Civil Procedure 8(a) that a pleading set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." *See Skoller v. Blue Cross-Blue Shield, supra,* 584 F.Supp. at 293 n. 4.

BCBS argues that it is futile to allow the proposed claim because there are no allegations as to how plaintiffs have been injured by the alleged breach of contract and because, at least in the view of the corporate defendants, plaintiffs have received all the benefits they were entitled to receive under their BCBS plan.

■ We find that the second proposed amended cause of action satisfies the pleading requirements of Rule 8(a) and is not, based upon the record developed in this case and the facts alleged in the amended complaint, a futile claim. The proposed count does allege that plaintiffs were injured by defendants' breach, *see* Proposed Amended Complaint, *supra,* ¶ 27. While the corporate defendants are correct that the claim does not specifically allege the nature of the injury, based upon the proposed amended facts, no great leap of imagination is required to surmise the nature of plaintiffs' claim: that they incurred significant expenses by resorting to a nonmember BCBS hospital for treatment due to the refusal of BCBS to compensate plaintiffs for mental illness hospitalization in a BCBS member hospital. In addition, the fact that the corporate defendants may dispute the amended complaint's allegations does not make the proposed claim an exercise in futility for the plaintiffs. Accordingly, the portion of the motion to amend which seeks to add the second cause of action is granted.

■ The proposed third claim alleging prospective interference with contract relations by BCBS is not, as the corporate defendants' contend, deficient as a matter of New York law. The business tort known as interference with prospective advantage, which includes interference with a contract, is cognizable when a plaintiff alleges that but for the interference he or she would have been able to enter into the contract or that the contract would have come into being. *See A.S. Rampell, Inc. v. Hyster Co.,* 3 N.Y.2d 369, 144 N.E.2d 371, 165 N.Y.S.2d 475 (1957); *Williams & Co. v. Collins, Tuttle & Co.,* 6 A.D.2d 302, 306, 176 N.Y.S.2d 99, 103 (App.Div., 1st Dept. 1958); *De Santis v. City of Troy,* 83 Misc.2d 195, 201, 371 N.Y.S.2d 310, 315–16 (Sup.Ct., Rensellaer Co.1975).

■ In this case, the proposed amended claim in question alleges that "but for [the corporate defendants'] unlawful acts, [BCBS] member hospitals would have recognized the validity of plaintiffs' health care insurance and not have required exorbitant payments in advance of admission, and would not have refused admission to plaintiff JAY SKOLLER and others sim-

ilarly situated." Proposed Amended Complaint, *supra*, ¶ 31. We read this paragraph as properly alleging that plaintiffs would have been able to enter a contract with a BCBS member hospital for fully covered service but for the corporate defendants' interference. The motion to add the proposed amended complaint's third claim is accordingly granted.

The proposed fourth and fifth claims allege violations by the corporate defendants of federal statutory provisions governing the terms of health insurance for federal employees. The fourth claim alleges that BCBS violated 5 U.S.C. § 8907 by not supplying to the United States Office of Personnel Management ("OPM") information relating to refusal to make reimbursements for long-term mental illness hospitalization, and that federal employees were thereby prevented from making an informed choice among the various health insurance plans offered to them. The statute provides in relevant part that OPM "shall make available to each employee eligible to enroll in a health benefits plan under this chapter such information ... after consultation with the carrier, as may be necessary to enable the employee to exercise an informed choice among the types of plans described by [a related provision.]" 5 U.S.C. § 8907 (1982).

■ This provision, as the corporate defendants correctly point out, imposes an obligation upon the federal government to disclose information about health benefits plans to its employees. Because OPM is obligated to consult with insurance carriers before health benefits information is disclosed, plaintiffs read the provision as implying a duty of disclosure for carriers like BCBS which creates a private right of action against the carrier. However, plaintiffs have provided no authority for their interpretation of Section 8907, and there exists no apparent ambiguity in the provision which lends support to this view. In addition, we do not think that Section 8907 creates a private right of action for health care subscribers and that plaintiffs therefore do not have standing to assert this

claim. *See Director, Edward J. Meyer Memorial Hospital v. Stetz*, 433 F.Supp. 323, 325–26 (W.D.N.Y.1977). Accordingly, we find that plaintiffs have failed adequately to allege a cause of action against BCBS and deny their motion to amend the complaint to add the fourth proposed cause of action.

■ The fifth proposed claim is asserted jointly against the United States and Blue Cross and Blue Shield Association and alleges that the contract made between them violates 5 U.S.C. § 8902(f) because as implemented, it excludes individuals from coverage because of their health status by denying payments for long-term mental illness hospitalization. *See* Proposed Amended Complaint, *supra*, ¶ 41. 5 U.S.C. § 8902(f) provides in relevant part that "[a] contract may not be made or a plan approved which excludes an individual because of race, sex, [or] health status...." BCBS argues that, like the proposed amended complaint's fourth claim, the provision does not impose a requirement upon health insurance carriers but only upon OPM. Again, plaintiffs have cited no authority for the proposition that this provision of the statute applies to carriers as well as OPM, or confers any benefit on the consumer. Inasmuch as the "plain language" of the provision appears simply to prohibit OPM from entering into discriminatory contracts, we find that the provision does not apply to the corporate defendants nor confer standing on the plaintiffs. Plaintiffs' motion to amend to assert the fifth proposed claim against BCBS is accordingly denied.

■ Defendants also oppose plaintiffs' motion on the grounds that it is untimely because it is made three years after this suit was filed and that the motion is not made in good faith. These assertions are not sufficient to defeat the motion. We have noted on previous occasions that mere delay alone, absent a showing of bad faith or undue prejudice, does not provide a basis for barring amendment of pleadings. *See Fuştok v. ContiCommodity Services, Inc.*, 103 F.R.D. 601, 603–04 (S.D.N.Y.1984),

*quoting, State Teachers Retirement Board v. Fluor Corp.,* 654 F.2d 843, 856 (2d Cir.1981). In this case, BCBS has not shown that any prejudice they might experience from allowing the proposed amended claims is sufficiently "undue" to deny plaintiffs' entire motion, nor has BCBS shown that the plaintiffs have affirmatively acted in bad faith.

In sum, plaintiffs' motion to amend the complaint is granted in part to the extent of allowing them to assert the second and third claims found in the proposed amended complaint. The motion is denied as to the remaining claims in the proposed amended complaint asserted against the corporate defendants. In light of our conclusion that plaintiffs have failed to allege a federal cause of action, a question now exists whether the court has jurisdiction of the remaining claims, which are based on state law alone.

The motion is disposed of as indicated. It is so ordered.