**OLIVER SCHOOLS, INC., doing business as The Stratford Schools, Plaintiff-Appellant,**

**v.**

**Cornelius J. FOLEY, Ph.D., as President of the New York State Higher Education Services Corporation; Gilbert Harwood, Milton G. Wright, Robert E. Butler and Joseph A. Bradley, the Officers and/or Employees of the New York State Higher Education Services Corporation; and the New York State Higher Education Services Corporation, Defendants-Appellees.**

**No. 1182, Docket 90–7989.**

United States Court of Appeals, Second Circuit.

Argued March 25, 1991.

Decided April 12, 1991.

Lee A. Albert, Buffalo, N.Y. (Henry E. Wyman, Buffalo, N.Y., on the brief), for plaintiff-appellant.

Lew A. Millenbach, Asst. Atty. Gen., Albany, N.Y. (Robert Abrams, Atty. Gen., of N.Y., Peter H. Schiff, Deputy Sol. Gen., Nancy A. Spiegel, Asst. Atty. Gen., Albany, N.Y., on the brief), for defendants-appellees.

Before OAKES, Chief Judge, and KEARSE and McLAUGHLIN, Circuit Judges.

KEARSE, Circuit Judge:

Plaintiff Oliver Schools, Inc., doing business as The Stratford Schools ("Oliver"), appeals from a final judgment of the United States District Court for the Northern District of New York, Thomas J. McAvoy, *Judge,* dismissing its complaint brought under 42 U.S.C. § 1983 (1988) to challenge the termination by defendants New York State Higher Education Services Corporation ("HESC") *et al.* of guarantees by the State of New York ("State") of loans for Oliver students. The district court dismissed the complaint on the ground that it asserted claims only against HESC, a State agency, and State officials in their official capacities and hence was barred by the Eleventh Amendment to the Constitution. On appeal, Oliver contends that the complaint should not have been dismissed insofar as it asserts claims against the individual defendants in their personal capacities or that at least the court should have given it permission to amend the complaint to assert such claims. We agree.

## I. BACKGROUND

From 1975 to 1989, Oliver operated private business schools in New York and elsewhere. Many of its students were beneficiaries of the State's guaranteed student loan program, which was administered by HESC. One of the requirements for participation in the program was that a school make timely refunds on guaranteed student loans when students and lenders were entitled to such refunds. *See* 34 C.F.R. § 682.607; 8 N.Y.C.R.R. § 2105.2.

According to the complaint, in a letter dated March 17, 1989, HESC's President, defendant Cornelius Foley, notified Oliver that because it was seriously in arrears in making the required refunds, thus exposing the State to substantial liability on the loan guarantees, HESC would (1) effective March 17, 1989, cease to issue guarantee commitments on loans to Oliver's students, and (2) effective April 15, 1989, suspend Oliver's eligibility to participate in various HESC programs. Oliver ceased to operate its New York schools on April 17, 1989, and commenced the present action in 1990 against HESC, Foley, and other HESC officials. It alleged, *inter alia,* that the suspension of loan guarantee commitments without prior notice and an opportunity to be heard constituted "an unconstitutional taking of [its] property and liberty interests," and that these actions were arbitrary and capricious, in violation of federal and state law. The complaint sought a declaratory judgment that defendants' actions violated Oliver's rights and an award of $40,000,000 in damages. No prospective relief was requested.

Defendants moved to dismiss the complaint on grounds of, *inter alia,* (1) failure to state a claim on which relief may be granted, and (2) lack of subject matter jurisdiction on the ground that defendants were immune from suit under the Eleventh Amendment. With respect to the latter ground, the individual defendants, noting that the caption of the action identified them as officers of HESC and that nothing

in the body of the complaint indicated that they were being sued in their personal capacities, contended that they were sued only in their official capacities and that they, like HESC, were thus immune from suit. The individual defendants also argued in their motion papers that they enjoyed qualified immunity from suit on such claims and argued orally that that immunity would make any amendment to the complaint futile. Plaintiffs, in opposition to the motion to dismiss, argued that the Eleventh Amendment does not bar suit against state officers in their official capacities.

At the oral argument of these motions, the district court sought to clarify the Eleventh Amendment problems. The responses of Oliver's attorney O'Shea were less than crystal clear:

> THE COURT: Don't you have an Eleventh Amendment problem here?
>
> MR. O'SHEA: I don't believe so, your Honor, because we are not seeking an injunction as the claimants did in *Pennhurst [State School & Hospital v. Halderman*, 465 U.S. 89, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984)].
>
> THE COURT: The state hasn't waived any immunity and the cases hold, as I understand it, that it's only when you might be seeking prospective injunctive relief that you can get relief in a situation like this. As I understand it, you folks are out of business and you're not seeking any prospective injunction.
>
> MR. O'SHEA: We are seeking a declaration, your Honor. We are not seeking an injunction. So *Pennhurst* did not apply.
>
> THE COURT: You are not seeking anything prospectively, is that right?
>
> MR. O'SHEA: That's correct. We are simply seeking a declaration at this point that there was a violation of the Constitution and of the statute.
>
> . . . .
>
> . . . . The Eleventh Amendment, we submit, your Honor, is not a bar. Again, we are not looking for an injunction.
>
> THE COURT: Why isn't it a bar?
>
> . . . .

> THE COURT: How do you distinguish the defendant in this action from the state?
>
> MR. O'SHEA: Because again, this is a state official, an individual state official acting in his individual capacity. It's not—
>
> THE COURT: Nobody has been sued in their individual capacity. They have all been sued in their official capacity.
>
> MR. O'SHEA: Your Honor, again, we sued the defendants in *Midtown [School of Business v. Foley*, No. 90–CV–172, 1990 WL 21287 (N.D.N.Y. Feb. 26, 1990)] in their official capacity. Again, maybe—if that's what's holding this matter up, your Honor, I would—
>
> THE COURT: Nothing is going to hold it up, believe me, Mr. O'Shea.
>
> MR. O'SHEA: All right, as [defendants' attorney] said, if nomenclature is the problem here—
>
> THE COURT: It's a problem.
>
> MR. O'SHEA: —I would submit, your Honor, that that could be taken care of. I would submit. But on the law, *Pennhurst* does not apply. Again, that's an injunction against state officials seeking to force them to comply with state law. We are not looking for any of that here.

(Hearing Transcript, August 13, 1990, 21–22, 27–28.)

At the close of oral argument, the court ruled that the complaint stated claims against the individual defendants only in their official capacities and must be dismissed under the Eleventh Amendment. It ruled that the dismissal would be without prejudice to Oliver's pursuing its state-law claims in state court. Judgment was entered accordingly.

Oliver moved for reconsideration, arguing that the complaint should not have been dismissed against the individual defendants because it asserted claims against them in their personal capacities. In support, it argued that the complaint simply did not specify the capacities in which the individuals were being sued, and it contended, citing *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957), that the court should have con-

strued the complaint more liberally. Alternatively, Oliver requested that it be given leave to amend the complaint to assert claims against the individuals in their personal capacities.

In a Memorandum–Decision and Order dated October 2, 1990, 1990 WL 152048, the district court denied the motion for reconsideration, stating that the claims for both monetary and declaratory relief against the individual defendants were barred because those defendants were "sued only in their 'official' capacity." *Id.* at 8. Thus, though noting that "[i]n the court's view, much of this lawsuit is utterly without merit," *id.* at 7, the court adhered to its dismissal on Eleventh Amendment grounds. This appeal followed.

## II. DISCUSSION

On appeal, Oliver contends principally that the district court erred in dismissing the complaint on the premise that the individual defendants were not sued in their personal capacities and in dismissing with prejudice "over repeated requests to amend the complaint to specify capacity." Though Oliver's earliest requests were hardly artful, we agree.

■ We have no difficulty with so much of the district court's decision as dismissed (a) all claims against HESC, and (b) the claims against the other defendants in their official capacities, for the Eleventh Amendment plainly deprives the federal court of jurisdiction over those claims. We take issue, however, both with the court's refusal to construe the complaint as asserting claims against the individual defendants in their personal capacities and with its refusal to allow Oliver to amend the complaint to assert such claims unequivocally.

■ In ruling on a motion to dismiss for failure to state a claim upon which relief may be granted, the court should not dismiss "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. at 45–46, 78 S.Ct. at 102. Similar principles apply to a motion to dismiss on Eleventh

Amendment grounds. The complaint's failure to specify that claims against state officials are asserted against them in their individual capacities does not justify an outright dismissal, for, as the Supreme Court has observed, "[i]n many cases," a complaint against public officials "will not clearly specify whether officials are sued personally, in their official capacity, or both," and only " '[t]he course of proceedings' ... will indicate the nature of the liability to be imposed." *Kentucky v. Graham,* 473 U.S. 159, 167 n. 14, 105 S.Ct. 3099, 3106 n. 14, 87 L.Ed.2d 114 (1985) (quoting *Brandon v. Holt,* 469 U.S. 464, 469, 105 S.Ct. 873, 876, 83 L.Ed.2d 878 (1985)).

■ In the present case, while Oliver's prospects may be doubtful, it was not *beyond* doubt that Oliver could prove no set of facts establishing that the defendants, in their individual capacities, violated its rights to due process. Thus, it would have been more appropriate for the court simply to specify that the dismissal extended to all claims against HESC and any claims against the individuals in their official capacities, permitting Oliver to pursue the claims that were not barred by the Eleventh Amendment.

■ To the extent that the court felt it would be unfair to require the defendants to respond to a complaint that did not more precisely state the basis for the claims against them in their personal capacities, the court should at least have granted Oliver leave to amend the complaint to provide greater specificity. Rule 15(a) of the Federal Rules of Civil Procedure provides that the court should grant leave to amend "freely ... when justice so requires," and the principle that permission to amend to state a claim should be freely granted, *see Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962), is likewise applicable to dismissals for failure to plead an adequate basis for federal jurisdiction, *see* 3 *Moore's Federal Practice* ¶ 15.10, at 15–104 (2d ed.1990) ("[i]n dismissing a complaint for ... failure to show jurisdiction, the court should heed the admonition of Rule 15 and allow amendment 'freely' if it

appears at all possible that the plaintiff can correct the defect"). Thus, in vacating a dismissal with prejudice for, *inter alia,* failure to state a claim and lack of subject matter jurisdiction, we have noted that "[w]hen a motion to dismiss is granted, 'the usual practice is to grant leave to amend the complaint.' ... Although the decision whether to grant leave to amend is within the discretion of the district court, refusal to grant leave must be based on a valid ground." *Ronzani v. Sanofi S.A.,* 899 F.2d 195, 198 (2d Cir.1990) (quoting 2A *Moore's Federal Practice* ¶ 12.14, at 12–99 (2d ed.1989)). Where the possibility exists that the defect can be cured and there is no prejudice to the defendant, leave to amend at least once should normally be granted as a matter of course.

We are unpersuaded by defendants' contentions (1) that Oliver never asked for leave to amend the complaint, and (2) that an amendment would be futile because of their defense of qualified immunity. Though prior to the dismissal Oliver did not precisely articulate a desire to file an amended complaint, its desire to do so was easily inferable from counsel's statement to the court, in the context of the Eleventh Amendment discussion, that the "nomenclature" problem "could be taken care of." Further, Oliver's desire to amend was hardly a surprise to the defendants, who from the outset indicated their opposition to any grant of leave to amend. Finally, in its motion for reconsideration, Oliver expressly requested leave to amend its complaint in this respect. Since Oliver's desire to pursue a claim against the individual defendants in their personal capacities was clear, the court should have granted leave to amend even without an explicit motion.

As to the qualified immunity hurdle, it may be that, as defendants contend, Oliver will ultimately be unable to prevail because of that defense. That possibility is not a valid basis for denying leave to amend the complaint, however, for such immunity is an affirmative defense that the defendants have the burden of raising in their answer and establishing at trial or on a motion for summary judgment. *Gomez*

*v. Toledo,* 446 U.S. 635, 640, 100 S.Ct. 1920, 1923, 64 L.Ed.2d 572 (1980).

## CONCLUSION

For the foregoing reasons, we affirm so much of the judgment as dismisses the complaint against HESC; we vacate so much of the judgment as dismisses the complaint against the individual defendants and direct that a new judgment be entered stating that the latter dismissal is without prejudice to the filing of an amended complaint, within such reasonable period as the district court shall allow, asserting claims against the individual defendants in their personal capacities.