**JOURNAL PUBLISHING COMPANY and Albuquerque Publishing Company (NSL), Plaintiffs,**

**v.**

**AMERICAN HOME ASSURANCE COMPANY and National Union Fire Insurance Company, Defendants.**

**No. 87 Civ. 4174 (PKL).**

United States District Court, S.D. New York.

Aug. 21, 1991.

---

Kay Collyer & Boose, New York City (Nathaniel H. Akerman, David J. Bernstein, of counsel), for plaintiffs.

Sheft & Sheft, New York City (David Holmes, of counsel), for defendants.

## OPINION AND ORDER

LEISURE, District Judge.

This is an action arising out of an insurance claim for costs allegedly incurred by plaintiffs in defending a libel suit. The original complaint in this matter asserted a breach of contract claim. Plaintiffs Journal Publishing Company ("Journal") and Albuquerque Publishing Company (NSL) ("Albuquerque") now move the Court, pursuant to Fed.R.Civ.P. 15(a), for leave to amend the complaint to add claims for: (1) a violation of the New Mexico Unfair Claims Practices Act, N.M.Stat.Ann. § 59A–16–20 *et seq.* (1984) ("unfair practices claim"); (2) the tort of bad faith refusal to pay a claim under an insurance policy ("tort claim"); and (3) punitive damages.

Defendants American Home Assurance Company ("American Home") and National Union Fire Insurance Company ("National Union") oppose the amendment of the complaint. In the event that plaintiffs' motion is granted, defendants request that the Court reopen discovery pursuant to Fed. R.Civ.P. 16. For the reasons set forth below, plaintiffs' motion to amend the complaint is granted and defendants' cross-motion is granted in part.

## BACKGROUND

For purposes of the instant motion, the Court assumes the truth of plaintiffs' allegations; accordingly, this statement of the factual background of this action is taken largely from plaintiffs' proposed amended complaint (the "Proposed Amended Complaint").

Plaintiffs are New Mexico corporations with their principal places of business in New Mexico. Defendant American Home, a New York corporation with its principal place of business in New York, issued a policy of insurance, entitled "Umbrella Liability Policy," to plaintiffs for the policy period January 28, 1974, to January 28, 1977. American Home, through its affiliate company, National Union, a Pennsylva-

nia corporation with its principal place of business in New York, subsequently issued a renewal policy of insurance to plaintiffs for the policy period January 28, 1977, to January 28, 1978. The policies will be referred to hereinafter as the "Umbrella Policies." Among the items covered by the Umbrella Policies were the costs of defense. The stated policy limits of the Umbrella Policies are $5,000,000 each less the "retained limit" of $10,000 per occurrence.

On June 13, 1975, William Marchiondo ("Marchiondo") brought a libel suit against plaintiffs (the "Marchiondo Action"), which was based on an advertisement in the *Albuquerque Journal.* Employers Reinsurance Corporation ("Employers"), which is not a party to this action, had issued an insurance policy to plaintiffs that required Employers to indemnify plaintiffs against settlements and judgments arising out of libel claims. The policy required plaintiffs to pay the costs of defending such suits. Plaintiffs allege that defendants had actual or constructive knowledge of the provisions of the policy issued by Employers to plaintiffs. Proposed Amended Complaint ¶ 11.

Plaintiffs paid all the costs of defending the Marchiondo Action, and ultimately prevailed both at trial and on appeal. Proposed Amended Complaint ¶ 13. On March 8, 1984, plaintiffs gave notice to Home Assurance of the claim for reimbursement of their defense costs, and, on August 1, 1984, supplied Home Assurance with an itemization of their costs for the sum of $2,584,-863.66. Proposed Amended Complaint ¶ 14. By letter dated January 24, 1985, defendants rejected the claim for plaintiffs' defense costs, setting forth the alleged reasons for their rejection. Proposed Amended Complaint ¶ 16.

Plaintiffs commenced this action on June 15, 1987. This matter was referred for general pretrial purposes to Magistrate Judge Michael H. Dolinger of this Court. Finding that defendants had "utterly failed to comply with their discovery obligations" in this matter, Plaintiffs' Exhibit F, Judge Dolinger imposed a $19,000 sanction on defendants. Discovery was completed on February 28, 1989. Thereafter, the parties

cross-moved for summary judgment. This Court denied both motions on July 2, 1990. Motions for reargument were subsequently denied by this Court on September 5, 1991. The parties were then ordered to prepare and submit a pretrial order. During the preparation of the pretrial order, plaintiffs attempted to gain the consent of defendants to the inclusion of additional claims based on actions taken and facts that had come to light during the discovery process. Defendants refused consent, and this motion followed.

Plaintiffs allege that defendants' refusal to reimburse plaintiffs under the Umbrella Policies was committed in bad faith in that it was frivolous and unfounded, and that defendants breached the policies willfully, wantonly, recklessly or with gross negligence. Proposed Amended Complaint ¶ 17. Among the facts alleged by plaintiffs in the Proposed Amended Complaint are the defendants' willful failure to comply with their discovery obligations in this action, as well as defendants' raising of an additional ground for the denial of coverage for the first time in defendants' motion for summary judgment in this action. Proposed Amended Complaint ¶ 22. Plaintiffs allege that they have incurred $2,544,863.66 in damages, plus interest and the costs of suit. Plaintiffs also seek $25,000,000 in punitive and exemplary damages. Proposed Amended Complaint ¶ 19.

## DISCUSSION

### I. Standard of Review

Federal Rule of Civil Procedure 15(a) "provides that leave to amend 'shall be freely given.' Reasons for a proper denial of leave to amend include undue delay, bad faith, futility of the amendment, and perhaps most important, the resulting prejudice to the opposing party." *State Teachers Retirement Bd. v. Fluor Corp.,* 654 F.2d 843, 856 (2d Cir.1981); *see also Richardson Greenshields Securities, Inc. v. Lau,* 825 F.2d 647, 653 n. 6 (2d Cir.1987); *Tokio Marine & Fire Ins. Co. v. Employers Ins. of Wausau,* 786 F.2d 101, 103 (2d Cir.1986). Defendants argue that the proposed amendments would be futile, and

that leave to amend should also be denied on the grounds of delay, bad faith and prejudice.

## II. Futility of Amendment

■ " '[A] district court is justified in denying an amendment if the proposed amendment could not withstand a motion to dismiss.' " *Glick v. Koenig,* 766 F.2d 265, 268 (7th Cir.1985); *see also S.S. Silberblatt, Inc. v. East Harlem Pilot Block,* 608 F.2d 28, 42–43 (2d Cir.1979); *Hannah v. Metro–North Commuter R.R.,* 753 F.Supp. 1169, 1176 (S.D.N.Y.1990); *Lopez v. John Hancock Mut. Life Ins. Co.,* 115 F.R.D. 316, 317 (S.D.N.Y.1987). The Proposed Amended Complaint may therefore be scrutinized as if defendants' objections to the amendments constituted a motion to dismiss under Fed.R.Civ.P. 12(b)(6).

A claim may not be dismissed under Rule 12(b)(6) " 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which could entitle him to relief.' " *Oliver Schools, Inc. v. Foley,* 930 F.2d 248, 252 (2d Cir.1991) (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957)). The Court must accept plaintiff's allegations of facts as true, together with such reasonable inferences as may be drawn in its favor. *See Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). Pleadings are governed by Fed. R.Civ.P. 8(a)(2), which requires only a " 'short and plain statement of the claim' that will give the defendant fair notice of what plaintiff's claim is and the ground upon which it rests." *Conley, supra,* 355 U.S. at 47, 78 S.Ct. at 102.

Defendants' contention that the proposed amendments are futile is based largely on factual arguments going to the merits of plaintiffs' claims. However, as the cases cited above demonstrate, it is axiomatic that a court may not look beyond the face of the complaint on a motion to dismiss for failure to state a claim. Thus, the Court will consider only the sufficiency of the allegations contained in the Proposed Amended Complaint.

## A. Unfair Practices Claim

■ As one of the new claims in the Proposed Amended Complaint, plaintiffs allege a violation of the New Mexico Unfair Claims Practices Act, N.M.Stat.Ann. § 59A–16–20 *et seq.* (1984). The statute prohibits, *inter alia,* "not attempting in good faith to effectuate prompt, fair and equitable settlements of an insured's claims in which liability has become reasonably clear." *Id.* Defendants point out that "[i]nsureds had no private right of action before 1984," and that the "statutory right is expressly limited to 'actual damages' proximately caused by 'a violation' of the Act." Defendants' Memorandum of Law at 6.

While it is true that a predecessor of this act was held by the New Mexico courts not to provide for a private right of action, *see Patterson v. Globe American Casualty Co.,* 101 N.M. 541, 685 P.2d 396, 398–99 (Ct.App.1984), legislation enacted in 1984 expressly created such a right of action. As the New Mexico Supreme Court stated, "Section 5(1) of the prior act is equivalent to the present Section 59A–16–20. Under the former act, the insurance superintendent of New Mexico had authority to assess civil penalties against offending insurance companies. There was no private right of action. The new act explicitly grants a private right of action." *Russell v. Protective Ins. Co.,* 107 N.M. 9, 751 P.2d 693, 695 (1988).

Plaintiffs allege that defendants violated the Unfair Claims Practices Act "[b]etween on or about June 13, 1975 and up to and including the filing of this complaint." Proposed Amended Complaint ¶ 21. While part of the conduct covered by this allegation falls before the creation of a private right of action, that part of the allegation concerning defendants' conduct subsequent to the 1984 enactment of the statute states a cause of action recognized by New Mexico courts.

Plaintiffs allege a number of specific acts by defendants after January 1985 in violation of the statute, including that "[d]uring the discovery stage of this lawsuit, ... defendants engaged in a practice

of attempting to frustrate the plaintiffs' claim ... by not complying with their discovery obligations." Proposed Amended Complaint ¶ 22(f). Plaintiffs also allege that "[d]espite the fact that, between April 18, 1988 and November 1, 1988, the defendants' designated representatives have testified under oath to interpretations of provisions of the Umbrella Policies consistent with plaintiffs' demand for defense costs, the defendants have continued to resist payment of the defense costs under the Umbrella Policies." *Id.* ¶ 22(g). Thus, plaintiffs clearly have alleged sufficient facts to support a finding of an unfounded, bad faith refusal to settle the claim, the essential element in all of the claims contained in the Proposed Amended Complaint.

Defendant is correct, however, that the statute provides only for recovery of actual damages and costs, with attorney's fees available at the court's discretion for willful violations. N.M.Stat.Ann. § 59A–16–30. However, the unavailability of punitive damages in connection with plaintiffs' unfair practices claim affects neither the viability of the claim itself, nor the availability of such damages for plaintiffs' other causes of action.

## B. Tort Claim

■ The proposed amended complaint alleges bad faith refusal by defendants to pay plaintiffs' claim under the Umbrella Policies. New Mexico Courts have "recognized the tort of bad faith in an insurer's refusal to pay a first-party claim. The claim for relief may be supported, *inter alia*, by evidence of any frivolous or unfounded refusal to pay or delay in paying the proceeds of the insurance contract." *Jessen v. National Excess Ins. Co.*, 108 N.M. 625, 776 P.2d 1244, 1246 n. 2 (1989) (citing *State Farm Gen. Ins. Co. v. Clifton*, 86 N.M. 757, 759, 527 P.2d 798, 800 (1974)).

Plaintiffs rely on the same facts alleged in connection with their unfair practices claim to support their tort claim. For the same reasons stated above, those allega-tions are sufficient to state a claim for which relief may be granted.

## C. Punitive Damages Claim

■ Plaintiffs also seek to amend the complaint to assert a demand for $25,000,-000 in punitive and exemplary damages. Under New Mexico law, it is well established that punitive damages may be awarded in cases involving the breach of an insurance policy. "To assess punitive damages for breach of an insurance policy there must be evidence of bad faith or malice in the insurer's refusal to pay the claim. 'Bad faith' has been defined as meaning 'any frivolous or unfounded refusal to pay....'" *United Nuclear Corp. v. Allendale Mut. Ins. Co.*, 103 N.M. 480, 709 P.2d 649, 654 (1985) (quoting *State Farm, supra*, 86 N.M. at 755, 527 P.2d at 800; other citations omitted); *see also Jessen, supra*, 108 N.M. 625, 776 P.2d at 1247; *Green Tree Acceptance, Inc. v. Layton*, 108 N.M. 171, 173, 769 P.2d 84, 86 (1989). Punitive damages may be awarded for bad faith breach of an insurance policy under either a contract or tort theory. *See Jessen, supra*, 776 P.2d at 1246–47.

■ Defendants challenge this amendment to the complaint chiefly on the grounds that "plaintiffs can never demonstrate that defendants' refusal to honor their claim was or is so devoid of merit as to warrant punitive damages." Defendants' Memorandum of Law at 5. However, this argument is based on the factual record and on defendants' "good faith" defenses. As previously stated, the Court cannot properly consider the merits of plaintiffs' evidence of bad faith on a motion to amend. Based on the allegations quoted, *supra*, it is clear that the proposed amendment would withstand a motion to dismiss under Fed.R.Civ.P. 12(b)(6).

## III. Delay, Bad Faith, and Prejudice

■ This case was commenced on June 15, 1987, and the instant motion to amend the complaint was filed on February 6, 1991. Although there has been considerable delay before plaintiffs moved to amend

the complaint, courts in the past have granted leave to amend even after substantial delay. In fact, "[p]arties have been permitted to assert new claims long after they acquired the facts necessary to support such claims, and have even been permitted to amend a complaint on the eve of trial." *Hannah, supra,* 753 F.Supp. at 1176 (citing *Green v. Wolf Corp.,* 50 F.R.D. 220, 223 (S.D.N.Y.1970) and *Hanlin v. Mitchelson,* 794 F.2d 834 (2d Cir.1986)).

Furthermore, plaintiffs have reasonably justified their delay in moving to amend the complaint. First, plaintiffs' proposed amended complaint is based, at least in part, on facts that came to light during discovery. Given the fact that defendants' failure to comply with their discovery obligations led Magistrate Judge Dolinger to impose a sanction of $19,000, defendants' objections to plaintiffs' alleged delay are somewhat disingenuous. Second, the parties' cross-motions for summary judgment were not finally resolved by this Court until September 5, 1990. The Court agrees with plaintiffs that it was appropriate to wait until this Court had determined whether the case could be disposed of without a trial before moving to add new claims. Moreover, it was also appropriate for plaintiffs to attempt to obtain defendants' consent to the addition of claims to the pretrial order and thus avoid motion practice.

■ Even assuming, *arguendo,* that there had been undue delay in the instant case, plaintiffs' motion to amend the complaint could not be denied solely on that ground. " 'Mere delay, ... absent a showing of bad faith or undue prejudice, does not provide a basis for the district court to deny the right to amend.' " *Richardson Greenshields, supra,* 825 F.2d at 653 n. 6 (quoting *State Teachers, supra,* 654 F.2d at 856); *see also Zeigan v. Blue Cross & Blue Shield,* 607 F.Supp. 1434 (S.D.N.Y.1985); *Howey v. United States,* 481 F.2d 1187, 1190 (9th Cir.1973); 3 Moore's Federal Practice ¶ 15.08[4], at 15–76.

Defendants argue that they are prejudiced by the proposed amendments to the complaint, and specifically by (1) plaintiffs' introduction of evidence as to the manner in which defendants have conducted their defense, and (2) "the last-minute interjection of new claims, claims that are not fully described." Defendants' Memorandum of Law at 12. However, plaintiffs may introduce evidence of the manner in which defendants have conducted their defense to the extent that such evidence is relevant to the legally recognized claims contained in the proposed amended complaint. *See T.D.S. Inc. v. Shelby Mut. Ins. Co.,* 760 F.2d 1520, 1527 (11th Cir.1985); *see also* Fed.R.Evid. 401. Furthermore, defendants have failed to show that they have been specifically prejudiced *by the delay.* In essence, defendants claim that they are prejudiced by having to defend against the new claims, a burden they would have borne had the claims been included in the original complaint. Such a burden "hardly amounts to prejudice outweighing the policy of Rule 15(a) in favor of permitting the parties to obtain an adjudication of the merits." *S.S. Silberblatt, supra,* 608 F.2d at 43.

A claim of bad faith is implicit in defendants' speculation as to plaintiffs' motives in attempting to amend the complaint. "[T]he real purpose of the proposed amendments is to bludgeon defendants into settling the case at a level more favorable to the *Journal....* Clearly, therefore, this motion is a last minute attempt to punish defendants for refusing to capitulate." Affidavit of David Holmes, sworn to on March 5, 1991, ¶ 30, at 14–15. However, to the extent that defendants raise the issue of bad faith, it is chiefly in support of their contention that the proposed amendments are futile. "In this context, the proposed amendment is simply a ploy to permit plaintiff to introduce irrelevant and prejudicial matter at trial. The court should not permit a *futile amendment* that has that as its objective." Defendants' Memorandum of Law at 6 (emphasis added).

As the Court has concluded that the proposed amendments are not futile, plaintiffs' good faith in moving to amend is apparent. Because defendants have failed to establish grounds to deny leave to amend the complaint, plaintiffs' motion is granted.

*IV. Cross–Motion to Reopen Discovery*

■ In order to avoid any possible prejudice to defendants caused by the amended complaint, the Court will permit additional discovery. However, defendants have requested "that the Court reopen discovery for all purposes for sufficient time to permit defendants a full and complete inquiry." The Court finds no reason for further discovery on any issue other than those raised for the first time by the added claims. Accordingly, the additional discovery will be limited solely to that needed in connection with the new allegations to be included in the amended complaint.

## CONCLUSION

For the reasons stated above, plaintiffs are granted leave to amend the complaint, pursuant to Fed.R.Civ.P. 15(a).

Defendants' cross-motion for a reopening of discovery is granted in part, as delineated above. This matter is referred to Magistrate Judge Michael H. Dolinger, for general pretrial purposes including supervision of the additional limited discovery permitted by this order.

SO ORDERED.