Francisco RAMOS, Plaintiff,

v.

Dr. O'CONNELL, HSD Walter Kelly, Su-
perintendent of Attica Correctional Fa-
cility; Sergeant Gavigan, and Sergeant
D. Coffey, Defendants.

No. 95–CV–0432C.

United States District Court,
W.D. New York.

Nov. 25, 1996.

Francisco Ramos, Attica, NY, pro se.

Joseph F. Reina, Assistant Attorney Gen-
eral, Ralph Visano, NYS Attorney General's
Office, Buffalo, NY, for Dr. O'Connell, HSD,
Walter R. Kelly, Sergeant Gavigan, Sergeant
D. Coffey.

Joseph F. Reina, Assistant Attorney Gen-
eral, Buffalo, NY, for Dentist Dawson, Nurse
Herman, Nurse F. Allen.

### BACKGROUND

CURTIN, District Judge.

Plaintiff Francisco Ramos, an inmate at
Attica Correctional Facility ("Attica") at all
times material to this claim, brings this ac-
tion under 42 U.S.C. § 1983, alleging that
defendants violated his constitutional rights

to due process and to freedom from cruel and unusual punishment, under the Fourteenth and Eighth Amendments of the U.S. Constitution respectively. Plaintiff contends that defendants have denied him access to adequate medical and dental treatment as punishment for his refusal to take a tuberculosis test. Specifically, plaintiff claims that defendants have refused to conduct routine blood tests on him and have refused to treat him for a "rotted out wisdom tooth." *See* Items 1 and 4. Plaintiff is appearing *pro se* in this action.

On June 6, 1995, plaintiff filed his original complaint against Dr. O'Connell, a clinical physician at Attica,[1] in both his individual and official capacities, alleging that defendant failed to provide plaintiff with access to adequate medical care and denied plaintiff necessary dental treatment. Item 1.

On July 11, 1995, plaintiff amended his complaint, adding three additional defendants, stating his claim in more detail, and setting forth three separate causes of action. Item 4. The new defendants include Walter R. Kelly, Superintendent of Attica, and Sergeants Gavigan and D. Coffee. In his first cause of action, plaintiff claims that defendants have violated his Eighth Amendment right to be free from cruel and inhuman punishment by denying him adequate medical care and by failing to remove a "rotted out" wisdom tooth. *Id.,* ¶ 18–23. In his second cause of action, plaintiff claims that defendants unreasonably and unjustifiably ignored his requests for necessary medical and dental care as punishment for refusing to take a tuberculosis test, and that such punishment violates his Fourteenth Amendment right to due process. *Id.,* ¶ 24. In his third cause of action, plaintiff claims that in deliberately disregarding his requests to be brought to the medical/dental facility and intentionally preventing other correction officers from bringing him to the medical/dental facility, defendants Gavigan and Coffee have violated his Eighth and Fourteenth Amendment rights. *Id.,* ¶ 25.

On November 17, 1995, plaintiff filed a motion for leave to amend his complaint pursuant to Fed.R.Civ.P. 15(a) and submitted a proposed amended complaint. Items 7 and 8. His proposed amendments included additional factual allegations which further support his claims that defendants willfully denied his requests for medical and dental care and allegations that defendant Kelly had knowledge of plaintiff's grievances and that he failed to correct the problem. On November 22, 1995, this court acknowledged that plaintiff had filed a motion to amend; however, noting that, despite an earlier order directing the U.S. Marshal to serve each of the defendants, defendants had not yet been served with the first amended complaint, the court decided that the U.S. Marshal should first serve the defendants with the first amended complaint and allow them to make an appearance before the court made any resolution on the motion to amend the complaint. Item 9.

On December 13, 1995, defendants jointly answered plaintiff's first amended complaint, denying all of the substantive allegations and offering three affirmative defenses. Item 14. On December 20, 1995, this court recognized that all of defendants' affirmative defenses could be raised in a motion for summary judgment and indicated that defendants should file such a motion by February 13, 1996. Item 15. Neither the court nor any of the parties mentioned plaintiff's pending motion to amend the complaint at this time.

On March 14, 1996, defendants filed their motion for summary judgment pursuant to Fed.R.Civ.P. 56, arguing that plaintiff's complaint should be dismissed for failure to state a claim under either the due process clause of the Fourteenth Amendment or the Eighth Amendment and that all claims for money damages against defendants should be dismissed under the doctrine of qualified official immunity. Items 16–18. On April 9, 1996, this court directed plaintiff to respond to defendants' motion for summary judgment by June 3, 1996. Item 19. On April 19,

---

1. In his original complaint and some of his subsequent pleadings, plaintiff refers to this defendant as "Dr. O'Connell" and alleges that he is the head of the medical department at Attica. In the defendants' joint answer, the Attorney General denies that defendant O'Connell is the head of the Attica medical department. *See* Item 14, ¶ 4.

1996, plaintiff resubmitted his proposed second amended complaint. Item 20.

On April 23, 1996, this court issued an order acknowledging plaintiff's proposed amended complaint and directing the Attorney General to file any opposition with the court by June 3, 1996. The court also indicated that plaintiff was still required to respond to defendants' motion for summary judgment by June 3. Item 21. On June 21, 1996, the court extended plaintiff's time to file his response to August 20, 1996. Item 25.

On August 19, 1996, plaintiff filed a new motion to amend his complaint pursuant to Fed.R.Civ.P. 15(a) and submitted a new proposed amended complaint. Item 26. This amended complaint adds three additional defendants, a dentist and two nurses, and more thoroughly states plaintiff's claims and the facts underlying these claims. Plaintiff's proposed amended complaint also incorporates the amendments that he had proposed in his earlier motion to amend his complaint, submitted first on November 17, 1995 and then again on April 19, 1996. In his affidavit in support of his newest motion to amend, plaintiff contends that he does not expect to seek any future amendments. Other than recrafting his complaint, plaintiff failed to respond directly to defendants' pending motion for summary judgment.

On October 1, 1996, defendants filed an affidavit in opposition to plaintiff's motion to amend his complaint, arguing that plaintiff's additional allegations were known to plaintiff at the time he filed his original complaint and that by seeking to amend his complaint plaintiff is merely attempting to avoid and unduly delay a decision on defendants' pending summary judgment. Item 28, ¶¶ 9–11.

At this time, the court considers plaintiff's motion to amend his complaint. Item 26. Due to the court's resolution of this motion, the court does not separately address defendants' pending motion for summary judgment.

### DISCUSSION

■ Following the dictates of Federal Rule of Civil Procedure 15(a), the federal courts have demonstrated considerable leniency in allowing plaintiffs to amend their complaints whenever justice so requires. *See Foman v. Davis*, 371 U.S. 178, 181–82, 83 S.Ct. 227, 229–30, 9 L.Ed.2d 222 (1962) ("The Federal Rules reject the approach that pleading is a game of skill in which one misstep ... may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." quoting *Conley v. Gibson*, 355 U.S. 41, 48, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957)); *Cortec Industries, Inc. v. Sum Holding L.P.*, 949 F.2d 42 (2d Cir.1991). A district court should deny motions to amend only for such reasons as undue delay, bad faith, futility of the amendment, and the resulting prejudice to the opposing party. *Richardson Greenshields Securities, Inc. v. Lau*, 825 F.2d 647, 653 n. 6 (2d Cir.1987) (citing *State Teachers Retirement Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir.1981)). However, "[m]ere delay, ... absent a showing of bad faith or undue prejudice, does not provide a basis for the district court to deny the right to amend." *Richardson Greenshields Securities*, 825 F.2d at 653 n. 6 (internal citations omitted); *See also Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973) ("[W]e know of no case where delay alone was deemed sufficient grounds to deny a Rule 15(a) motion to amend."); *Journal Publishing Co. v. American Home Assur. Co.*, 771 F.Supp. 632, 637 (S.D.N.Y.1991).

■ Defendants in the present action argue that the court should deny plaintiff's motion to amend his complaint because plaintiff is merely attempting to delay consideration of defendants' own motion for summary judgment. Defendants offer no direct evidence of plaintiff's bad motive, nor do they indicate how they would be prejudiced if the court were to allow the amendment. In addition, defendants have not provided the court with any authority in support of their opposition to the amended complaint.

Admittedly, plaintiff failed to respond directly to defendants' motion for summary judgment even after the court directed it to do so after plaintiff submitted a proposed amended complaint in April of this year. However, given that plaintiff is proceeding

*pro se,* it is likely that plaintiff believed that his most recent proposed amendment was an appropriate response to defendants' contentions that plaintiff's complaint fails to state claims upon which relief can be granted. It is neither reasonable nor fair to attribute bad faith or dilatory motive to plaintiff's most recent motion to amend his complaint without any corroborating evidence of such motives.

The Second Circuit has denied leave to amend pleadings on the grounds of prejudice to the opposing party and undue delay in cases where such motions are made on the eve of trial or after a considerable amount of time has passed since the original pleadings. *See Evans v. Syracuse City School Dist.,* 704 F.2d 44 (2d Cir.1983) (district court denied leave to amend due to prejudice and delay when, six days before trial, defendant sought leave to assert a defense which could have been asserted two years and nine months earlier); *Barrows v. Forest Labs., Inc.,* 742 F.2d 54 (2d Cir.1984) (district court denied leave due to prejudice when two and a half years elapsed since the complaint was originally filed). Although the courts have not indicated that when there is a pending motion for summary judgment a district court should deny leave to amend pleadings due to prejudice to the party that made the motion for summary judgment, some courts in other circuits have denied leave to amend when the requests came too close to scheduled summary judgment hearings. *See, e.g., Gordon v. Terry,* 684 F.2d 736, 739 (11th Cir.), *cert. denied,* 459 U.S. 1203, 103 S.Ct. 1188, 75 L.Ed.2d 434 (1983) (district court denied leave to amend due to prejudice when, the day before the summary judgment hearing, plaintiff moved to amend his complaint for the fourth time).

Because the philosophy behind the federal pleading rules is to facilitate a proper decision on the merits, this court grants plaintiff's motion to file his second amended pleading. Plaintiff is proceeding *pro se* and, as an inmate in a New York state prison, has limited access to legal resources. His most recent proposed amendment more thoroughly presents his factual allegations and more precisely outlines his claims. Although allowing this amendment will delay resolution of the issues raised by defendants in their motion for summary judgment, defendants have not demonstrated how they would be prejudiced by allowing plaintiff to file a second amended complaint. As explained above, mere delay does not provide a basis for the court to deny the right to amend. In addition, the court cannot find prejudice as a matter of law based on case precedent, since plaintiff's motion does not come on the eve of trial, on the eve of a scheduled summary judgment hearing, or after a considerable length of time since the original complaint was filed. The interests of justice are furthered by allowing this amendment.

## *CONCLUSION*

For the foregoing reasons, this court grants plaintiff's motion to amend his complaint. Item 26. Defendants are directed to answer this second amended complaint promptly. If defendants believe that there are still grounds to dismiss the complaint for failure to state a claim or for any other reason, they may file a new motion for summary judgment. If defendants choose to file a new motion for summary judgment, plaintiff will be required to respond directly to such motion, rather than merely moving once again to amend his complaint.

The Clerk is therefore directed to file Item 26 as plaintiff's second amended complaint. Defendants are directed to answer the second amended complaint promptly.

So ordered.