896 F.Supp. 144 (1995)
Richard GRAY, Individually and Derivatively on Behalf of The FURIA ORGANIZATION, INC., Plaintiff,
v.
The FURIA ORGANIZATION, INC., Ronald W. Kuzon, Waylon E. McMullen, Franco Nocito, Steven Nocito, and David B. Slater, Defendants.
No. 94 Civ. 8878.
United States District Court, S.D. New York.
August 22, 1995.
*145 Heller, Horowitz & Feit, P.C., New York City (Richard F. Horowitz, of counsel), for plaintiff.
Joel Held, c/o John J. Phalen, New York City, for defendants The Furia Organization, Inc., Waylon E. McMullen, Franco Nocito and Steven Nocito.
Waylon E. McMullen, Dallas TX, for defendants Ronald W. Kuzon and David B. Slater.

OPINION AND ORDER
STANTON, District Judge.
Plaintiff Richard Gray, a shareholder in The Furia Organization ("Furia"), sues Furia and its officers and directors under section 13(a) of the Securities Exchange Act of 1934 to compel Furia to file certain reports with the Securities and Exchange Commission. He also asserts claims under state law for conversion and breach of fiduciary duty.
Both Gray and the defendants move pursuant to Fed.R.Civ.P. 56 for summary judgment on Gray's federal securities law claim. Defendants argue that: (1) there is no private right of action under section 13(a), and (2) if that claim is dismissed, this court does not have subject-matter jurisdiction over Gray's state-law claims. Gray also moves for summary judgment on his claim for breach of fiduciary duty.

BACKGROUND
Before the events involved in this litigation, Gray was Furia's majority shareholder and served as president and director of the company. In December 1993, a wholly-owned subsidiary of Furia merged with Madison Fashions, Inc. on terms which resulted in Madison's shareholders and others than Gray becoming the owners of approximately 83% of Furia's common stock. After the merger, Gray, who no longer controlled Furia, resigned as president and director. Furia disclosed the merger in a Form 8-K dated December 29, 1993, which was filed with the SEC.
Since the merger, Furia has not filed any annual or quarterly reports with the Securities and Exchange Commission.

DISCUSSION
Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The court "must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor." Consarc Corp. v. Marine Midland Bank, 996 F.2d 568, 572 (2nd Cir.1993).

A. Private Right of Action Under Section 13(a)
Section 13(a) of the Securities Exchange Act of 1934 (the "Act"), 15 U.S.C. § 78m(a), provides:

*146 (a) Every issuer of a security registered pursuant to [section 12 of the Act] shall file with the Commission, in accordance with such rules and regulations as the Commission may prescribe as necessary or appropriate for the proper protection of investors and to insure fair dealing in the security
(1) such information and documents (and such copies thereof) as the Commission shall require to keep reasonably current the information and documents required to be included in or filed with an application or registration statement.... [and]
(2) such annual reports (and such copies thereof) ... and such quarterly reports (and such copies thereof), as the Commission may prescribe.
Under 17 C.F.R. § 240.13a-1 (1995), issuers of securities registered pursuant to section 12 of the Act are required to file an annual report on a prescribed form. Such issuers are also required to file quarterly reports on Form 10-Q. Id. § 240.13a-13.
Because Furia is an issuer whose securities are registered pursuant to section 12(g) of the Act, it must comply with section 13(a)'s reporting requirements. (See Plaintiff's 3(g) Statement, ¶¶ 22-23.) Defendants concede that since the merger Furia has not complied with those requirements. The issue is whether Gray can sue under section 13(a) to compel its compliance.
Most courts have refused to imply a private right of action under section 13(a). See In re Penn Central Securities Litigation, 494 F.2d 528, 540 (3rd Cir.1974); Erath v. Xidex Corp., 1991 WL 338322, at *8 (D.Ariz. Feb. 7, 1991); Carapico v. Enflo Corp., 1986 WL 14202, at *3 n. 3 (E.D.Pa. Dec. 11, 1986); Nemo v. Allen, 466 F.Supp. 192, 195-96 (S.D.N.Y.1979); DeWitt v. American Stock Transfer Co., 433 F.Supp. 994, 1005 (S.D.N.Y.1977); Smith v. Murchison, 310 F.Supp. 1079, 1088 (S.D.N.Y.1970) (private right of action under 13(a) "very doubtful"); but see Abbey v. Control Data Corp., 603 F.2d 724, 731 (8th Cir.1979) (assuming existence of private right of action under 13(a), complaint fails to state a claim), cert. denied, 444 U.S. 1017, 100 S.Ct. 670, 62 L.Ed.2d 647 (1980); Kaminsky v. Abrams, 281 F.Supp. 501, 505 (S.D.N.Y.1968) (same); duPont v. Wyly, 61 F.R.D. 615, 633 (D.Del.1973) (implying private right of action for injunctive relief under section 13(a) because private enforcement "would serve the Congressional purpose of protecting investors").
Gray argues that those cases do not control here because the plaintiffs in those cases sought damages, while he seeks only injunctive relief. Under the settled approach to implied private rights, that distinction makes no difference here.
In determining whether an implied cause of action exists under a federal statute, "what must ultimately be determined is whether Congress intended to create the private remedy asserted." Transamerica Mortgage Advisors, Inc. v. Lewis, 444 U.S. 11, 15-16, 100 S.Ct. 242, 245, 62 L.Ed.2d 146 (1979) (internal quotation and citation omitted). That inquiry must begin with the statute's language. Touche Ross & Co. v. Redington, 442 U.S. 560, 568, 99 S.Ct. 2479, 2485, 61 L.Ed.2d 82 (1979). By its terms, section 13(a) requires certain issuers to file reports prescribed by the SEC. It does not create a private cause of action in favor of any person.
However, another provision of the Act does create a private right of action for damages for certain violations of section 13(a). Section 18(a) of the Act grants standing to sue for damages to "any person (not knowing that such statement was false and misleading) who, in reliance upon such statement, shall have purchased or sold a security at a price which was affected by the statement. ..." 15 U.S.C. § 78r(a).
The existence of an express remedy for purchasers and sellers injured by reliance on statements filed pursuant to section 13(a) is strong evidence that Congress did not intend to create a broader remedy under section 13(a) for persons not encompassed by section 18(a). See Redington, 442 U.S. at 572, 99 S.Ct. at 2487 ("For where the principal express civil remedy for misstatements in reports created by Congress contemporaneously with the passage of § 17(a) is by its terms limited to purchasers and sellers of securities, we are extremely reluctant to imply a cause of action in § 17(a) that is significantly *147 broader than the remedy that Congress chose to provide."). Gray has pointed to no legislative history (and this court has found none) which suggests that Congress intended to create a private right of action for injunctive relief under section 13(a).
Gray argues that a private right of action should be implied because Congress enacted section 13(a) for the protection of investors. That Congress intended to protect investors does not necessarily mean that Congress intended to provide them with a private right of action. See id., 442 U.S. at 578, 99 S.Ct. at 2490 ("Certainly, the mere fact that § 17(a) was designed to provide protection for brokers' customers does not require the implication of a private damages action in their behalf."). Congress entrusted enforcement to the SEC, which can seek both damages and injunctive relief for violations of section 13(a). See 15 U.S.C. § 78u.
Finally, Gray urges that section 13(a) is analogous to section 13(d) and that this court should follow the cases implying a private cause of action under section 13(d). Section 13(d), which requires a person who acquires more than 5% of a corporation's stock to file a report with the SEC, was added as part of the Williams Act in 1968, 34 years after section 13(a) was enacted. Thus, the legislative history and legal context in which Congress enacted the provisions  two factors relevant to whether a private right of action should be implied  are different. See Merrill Lynch, Pierce, Fenner & Smith v. Curran, 456 U.S. 353, 378, 102 S.Ct. 1825, 1839, 72 L.Ed.2d 182 (1982) ("In determining whether a private right of action is implicit in a federal statutory scheme when the statute by its terms is silent on that issue, the initial focus must be on the state of the law at the time the legislation was enacted."). Accordingly, cases decided under section 13(d) are not persuasive on the existence of a private right of action under section 13(a).
There being no private right of action against Furia, neither is there a private right to sue its controlling persons under section 20(a) of the Act, which makes them liable only "to the same extent as" the corporation.
In sum, there is no private right of action for injunctive relief under section 13(a) of the Act. Defendants' motion for summary judgment dismissing that claim is granted.

B. Jurisdiction Over Gray's State-Law Claims
The complaint alleges that this court has federal question jurisdiction over the section 13(a) claim and has supplemental jurisdiction over the state-law claims. (Complaint, ¶ 8.) Defendants argue that Gray's state-law claims should be dismissed because there is no basis for supplemental jurisdiction without the federal securities law claim.
Gray responds that 28 U.S.C. § 1332 provides a basis for jurisdiction because the parties' citizenship is diverse and the amount in controversy exceeds $50,000. Gray asserts that he is a citizen of Florida; Furia is a Delaware corporation with its principal place of business in New York; and the individual defendants are citizens of New York, Massachusetts and Texas. (Plaintiff's Memorandum in Support of Motion for Summary Judgment, at 9.)
Construing Gray's argument as a motion to amend the complaint, it is granted. Under Fed.R.Civ.P. 15(a), leave to amend "shall be freely given when justice so requires." A district court "is justified in denying an amendment if the proposed amendment could not withstand a motion to dismiss." Journal Publishing Co. v. American Home Assurance Co., 771 F.Supp. 632, 635 (S.D.N.Y.1991) (internal quotations omitted). A motion to amend may also be denied if the movant has acted in bad faith or delayed excessively, or if the non-movant would be prejudiced by amendment. Id. at 634. Here, defendants do not claim they will be prejudiced if leave to amend is granted. Their argument that the amendment would be futile because the amount in controversy does not exceed $50,000 is unavailing in light of Gray's claim that defendants converted $250,000 of Furia's money.
Accordingly, Gray's motion to amend the complaint is granted and defendants' motion for summary judgment dismissing Gray's state-law claims for lack of subject-matter jurisdiction is denied.

*148 C. Breach of Fiduciary Duty Claim
Gray contends that defendants breached their fiduciary duties to Furia and its shareholders by not filing the reports required by section 13(a) of the Act.
Under both New York and Delaware law,[1] the officers and directors of a corporation owe fiduciary duties to the corporation and its shareholders. Among those duties is the duty of care, which requires that a director perform his duties "in good faith and with that degree of care which an ordinarily prudent person in a like position would use under similar circumstances." N.Y.Bus. Corp.L. § 717(a) (McKinney 1986 & Supp. 1995). The business judgment rule applied to fiduciary breach claims "bars judicial inquiry into actions of corporate directors taken in good faith and in the exercise of honest judgment in the lawful and legitimate furtherance of corporate purposes." Auerbach v. Bennett, 47 N.Y.2d 619, 629, 419 N.Y.S.2d 920, 926, 393 N.E.2d 994, 998 (Ct.App.1979).
Defendants have raised a triable fact issue whether they breached their duty of care. The affidavit of defendant Waylon McMullen states that Furia's subsidiary and only source of revenue, Pat Fashion Industries, filed for chapter 11 bankruptcy protection in April 1994. (McMullen Aff. ¶¶ 4-5.) As a result of Pat Fashion's financial difficulties, Furia did not have the funds to pay for the certified financial statements Furia needed to file the reports. (Id. ¶ 6.) One cannot say on this record that defendants' decision not to make the filings was unreasonable as a matter of law.
Plaintiff's motion for summary judgment on his breach of fiduciary duty claim is denied.

CONCLUSION
Plaintiff's motion for summary judgment on his claim under section 13(a) of the Securities Exchange Act is denied and defendants' motion for summary judgment dismissing that claim is granted. Plaintiff's motion for summary judgment on his breach of fiduciary duty claim is denied.
Plaintiff has leave to amend the complaint within 30 days.
NOTES
[1] Gray assumes that New York law applies to his claim for breach of fiduciary duty, but New York's "internal affairs" doctrine may require application of the law of Delaware, the state in which Furia is incorporated. See Galef v. Alexander, 615 F.2d 51, 58 (2nd Cir.1980). Because New York and Delaware law do not differ materially with respect to the issues raised here, that question need not be decided on this motion.