104 F.3d 354
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Noah Hancock SIMMONS, II, Plaintiff-Appellant,
v.
Albert MELLER, Detective, Steven Chimil, Detective, Louis
Scarscella, Detective, Lee Brown, Defendants-Appellees.
 No. 96-7536.
 United States Court of Appeals, Second Circuit.
 Nov. 22, 1996.
 
 Appearing for Appellant: Noah Hancock Simmons, II, pro se, Stormville, New York.
 Appearing for Appellees: Jeanette Arlin Koster, New York City Law Department, City of New York, New York, New York.
 Before WINTER, ALTIMARI, and WALKER, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Eastern District of New York and was submitted.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby affirmed.
 
 
 3
 Noah Hancock Simmons, II, pro se, in forma pauperis, and incarcerated, appeals from Judge Ross's order denying Simmons's motion for a preliminary injunction and temporary restraining order. Simmons also appeals the district court's denial of his motions for summary judgment and leave to file a second amended complaint. In his complaint, Simmons asserted several claims under 42 U.S.C. § 1983 for violation of his Fourth Amendment rights. Simmons alleged that defendants unlawfully searched his apartment, arrested him without probable cause, unlawfully took his property, and unlawfully confined him.
 
 
 4
 Simmons's motion for a preliminary injunction and temporary restraining order requested his release from prison or transfer to a different facility. After reviewing the record, we conclude that Simmons has not demonstrated a likelihood of success on the merits. Therefore, the district court's denial of injunctive relief is affirmed. See Resolution Trust Corp. v. Elman, 949 F.2d 624, 626 (2d Cir.1991). Simmons's appeal from the denial of his motions for summary judgment and for leave to file a second amended complaint must be dismissed for lack of appellate jurisdiction. See United States v. 228 Acres, 916 F.2d 808, 810-11 (2d Cir.1990), cert. denied, 498 U.S. 1091 (1991) (an order denying summary judgment cannot by itself be the basis for an appeal because it is not final); Richardson Greenshields Sec., Inc. v. Lau, 825 F.2d 647, 651 (2d Cir.1987) (order denying a motion to amend pleading is not appealable as a final decision).
 
 
 5
 We therefore affirm.