Jonathan H. THIERMAN,
Plaintiff–Appellant,

v.

Nancy Jane THIERMAN; and Levy,
Philips & Konigsberg, LLP,
Defendants–Appellees.

Docket No. 01–7375.

United States Court of Appeals,
Second Circuit.

Jan. 31, 2002.

Jonathan H. Thierman, Norwalk, CT, pro se.

Alani Golanski, Levy, Phillips & Konigsberg, LLP, New York, NY, for Appellee.

Present JACOBS, PARKER and SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER & ORDER TO SHOW CAUSE

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be AFFIRMED, and that

Plaintiff–Appellant Jonathan H. Thierman SHOW CAUSE in writing, returnable by or before 5:00 p.m. on Friday, February 29, 2002, (i) why Thierman should not be sanctioned $750, payable to the Clerk of the Court, for repeatedly attempting to reopen his frivolous suit; and (ii) why Thierman should not be enjoined from filing any papers in this Court in pursuit of this claim, or any related claim said to have arisen from the distribution of his father's estate, unless leave of this Court is first obtained.

Jonathan H. Thierman, *pro se*, appeals the district court's refusal to reopen his action against his father's widow and the law firm of Levy, Phillips & Konigsberg, LLP ("LPK") for improper distribution of his father's estate. The suit was originally dismissed in 1994 for failure to state a claim (under Fed.R.Civ.P. 12(b)(6)). After we affirmed, Thierman moved to reopen the case (under Fed.R.Civ.P. 60(b)). The district court denied the motion, warning Thierman of possible sanctions should he press the matter. We again affirmed and further cautioned Thierman that "further attempts to litigate this matter may result in sanctions." *Thierman v. Thierman*, No. 98–9455, slip op. at 1 (2d Cir. Apr.14, 2000). Thierman persisted, nevertheless, filing a "General and Extraordinary Motion to Reopen," which the district court denied without elaboration and which Thierman now appeals. Defendants, in response, ask us to impose sanctions on Thierman (under Fed. R.App. P. 38).

We affirm the district court's judgment for substantially the reasons stated in our earlier affirmance. *Thierman v. Thierman*, No. 98–9455, slip op. at 1 (2d Cir. Apr.14, 2000).

Additionally, we order Thierman to show cause, in writing, by or before 5:00 p.m. on Friday, February 29, 2002, (i) why Thierman should not be sanctioned $750, pay-able to the Clerk of the Court, for repeatedly attempting to reopen his frivolous suit; and (ii) why Thierman should not be enjoined from filing any papers in this Court in pursuit of this claim, or any related claim said to have arisen from the distribution of his father's estate, unless leave of this Court is first obtained.

■ Rule 38 provides that "[i]f a court of appeals determines that an appeal is frivolous, it may, after separately filed motion or notice from the court and reasonable opportunity to respond, award just damages." Fed. R.App. P. 38. Sanctions are appropriate where a litigant has "demonstrated an uncontrollable propensity repeatedly to pursue vexatious and harassing litigation." *In re Martin–Trigona*, 9 F.3d 226, 228 (2d Cir.1993). Sanctions may be warranted even where the litigant is *pro se* or indigent. *See McDonald v. Head Criminal Court Supervisor Officer*, 850 F.2d 121, 124 (2d Cir.1988) ("All litigants, including pro ses, have an obligation to comply with court orders. When they flout that obligation they, like all litigants, must suffer the consequences of their actions."); *Schiff v. United States*, 919 F.2d 830, 834 (2d Cir.1990).

■ Additionally, a litigant who continues to pursue vexatious litigation may be made subject to a "leave to file" requirement, preventing the litigant from making filings otherwise authorized by the Federal Rules of Civil Procedure. *See Martin–Trigona*, 9 F.3d at 228; *Richardson Greenshields Sec., Inc. v. Lau*, 825 F.2d 647, 652 (2d Cir.1987).

■ Thierman has received and ignored ample warnings to terminate his frivolous and harassing litigation. It appears that he will not cease and desist until we provide an incentive. In any event, he is directed to show cause why the measures

we contemplate should not be implemented.