Patricia J. CURTO, Plaintiff–Appellant,

v.

Donald W. SMITH, Dean; Katherine Edmundson, Assistant Dean; Hunter Rawlings, III, President; Wendy Tarlow, Associate University Counsel; Cornell University College of Veterinary Medicine; Cornell University; State University of New York; Robert King; Leroy Rooker; Rod Paige, Secretary of Education; State of New York; United States Department of Education; Richard P. Mills, Commissioner of New York State Education Department; Nelson Roth, University Counsel; Danilee Popensiek, Assistant University Ombudsman; Dave Frank, Teaching Laboratory Manager; William Murabito, Associate Vice Chancellor Suny; William Lynn, Defendants–Appellees,

Anonymous unnamed school employees and officials of Cornell University College of Veterinary Medicine and/or Cornell University whose names are not yet known by the Plaintiff but whose names are not, Jane Doe, John Doe, Defendants.

No. 05–6620–CV.

United States Court of Appeals, Second Circuit.

Jan. 3, 2007.

Patricia J. Curto, Orchard Park, NY, for Appellant.

Nelson E. Roth, Valerie L. Cross, Wendy E. Tarlow, Ithaca, NY, for Defendants–Appellees Smith, Edmondson, Rawlings, Tarlow, Veterinary College of Cornell University, Cornell University, Frank, Roth, Lynn, and Poppensiek; Glenn T. Suddaby, Assistant United States Attorney, Northern District of New York (Charles E. Roberts, Assistant United States Attorney of Counsel), Syracuse, NY, for Defendants–Appellees Paige, Rooker, United States Department of Education, and other federal defendants; Kate H. Nepveu, Assistant Solicitor General, Albany, NY, for defendants-appellees Mills, King, State University of New York, and State of New York, for Appellees.

Present: ROGER J. MINER, ROSEMARY S. POOLER and ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Patricia J. Curto appeals from an order of the district court directing that her Federal Rule of Civil Procedure Rule 60(b) motion not be filed and that her papers be returned to her. We assume the parties' familiarity with the facts, proceedings below, and specification of appellate issues and hold as follows.

While the district court's ruling that Curto's motion was time barred may prove to be correct on remand, the court lacked power to prevent Curto from filing a motion authorized by the Federal Rules of Civil Procedure. *See Richardson Greenshields Secs., Inc. v. Lau*, 825 F.2d 647, 652 (2d Cir.1987). Requiring that the district courts allow filing of even those motions that, on their face, may appear to lack merit is necessary to enable appellate review. *See IBM v. Edelstein*, 526 F.2d 37, 45 (2d Cir.1975). Because Curto has not questioned that portion of the district court's order that required her to seek permission of the court before filing future motions, we do not disturb it.

We therefore vacate that portion of the district court order that prevented Curto from filing her Rule 60(b) motion and remand in order that the motion may be filed and addressed on its merits.