Michael ABBATIELLO,
et al., Plaintiffs,

v.

MONSANTO COMPANY,
et al., Defendants.

No. 06 Civ 0266(VM).

United States District Court,
S.D. New York.

Aug. 6, 2008.

Lawrence Perry Biondi, Law Offices of Lawrence P. Biondi, White Plains, NY, for Plaintiffs.

James Kenneth Leader, Thomas M. Carney, Thomas Key Richards, Leader & Berkon, LLP, New York City, Arthur John Siegel, Bond, Schoeneck & King, PLLC, Albany, NY, for Defendants.

## DECISION AND ORDER

VICTOR MARRERO, District Judge.

Plaintiffs Armand Corlew, Vincent Riggi, Stephen Cernak, Jr., and Ruth Depaolo, individually and on behalf of a class similarly situated (collectively, the "Landowner Plaintiffs") brought the instant motion seeking leave to file an amended complaint (the "Second Amended Complaint") pursuant to Federal Rule of Civil Procedure 15(a) ("Rule 15(a)"). For the reasons discussed below, the Landowner Plaintiffs' motion is granted.

### I. BACKGROUND[1]

In March 2007, the Landowner Plaintiffs commenced the instant class action, *Corlew v. General Elec. et al.*, 06 Civ. 3258 ("Corlew"), in New York State Supreme Court, against Monsanto Company and

---

1. The factual summary below is derived from the Landowner Plaintiffs' Memorandum of Law in Support of Their Motion for Leave to Amend the Complaint, dated June 30, 2008; Declaration of Lawrence Perry Biondi, dated June 30, 2008; General Electric Company's ("GE") Memorandum of Law in Opposition to the Landowner Plaintiffs' Motion Seeking Leave to Amend Their Complaint, dated July 15, 2008 ("GE Mem."); Declaration of Arthur J. Siegel, dated July 15, 2008 ("Siegel Decl."); and the Landowner Plaintiffs' Memorandum of Law in Further Support of Their Motion for Leave to Amend the Complaint, dated July 22, 2008 ("Landowner Plaintiffs' Mem."). Additional background information is discussed in *Abbatiello v. Monsanto Co.*, 522 F.Supp.2d 524 (S.D.N.Y.2007), familiarity with which is presumed.

Pharmacia Company (collectively, the "Pharmacia Defendants"), and GE (together with the Pharmacia Defendants, "Defendants"), seeking money damages arising out of the diminution in the value of the Landowner Plaintiffs' properties, and properties of all others similarly situated, allegedly caused by the release of polychlorinated biphenyls ("PCBs") from GE's manufacturing facility located in Schenectady, New York (the "GE Plant").[2] Defendants removed this action to this Court pursuant to 28 U.S.C. §§ 1441(b), 1452(a), 1453(b).

By order dated June 19, 2007, this Court directed that *Corlew* be consolidated with *Abbatiello v. Monsanto, Inc.*, 06 Civ. 0266, and *Abele v. Monsanto, Inc.*, 06 Civ. 3461, (collectively with *Corlew*, the "Consolidated Cases") under docket number 06 Civ. 0266.

On or about April 30, 2007, the Defendants filed motions to dismiss in the Consolidated Cases. By Order dated November 2, 2007 (the "Order"), this Court granted Defendants' motions to dismiss in part, dismissing the Landowner Plaintiffs' breach of warranty, fraud, negligent infliction of emotional distress, unjust enrichment, and willful and wanton misconduct causes of action asserted against GE, and breach of warranty, fraud, negligent infliction of emotional distress, trespass, unjust enrichment, and willful and wanton misconduct causes of action asserted against the Pharmacia Defendants.[3]

On November 15, 2007, this Court approved a proposed case management order (the "CMO") that was jointly submitted and agreed to by the parties. By Order dated June 9, 2008 (the "June 9 CMO"), Magistrate Judge Andrew J. Peck, to whom the case was referred to for pretrial supervision, modified the CMO to give the Employees and the Landowner Plaintiffs (collectively, "Plaintiffs") four months to submit expert affidavits with respect to evidence of causation (the "Affidavits"). On June 23, 2008, Plaintiffs filed a motion to vacate the June 9 CMO, and requesting focused discovery on the Pharmacia Defendants' affirmative defense of knowledgeability (the "Knowledgeability Defense"). By Order dated July 3, 2008 (collectively with the CMO and the June 9 CMO, the "Modified CMO"), this Court granted Plaintiffs' request to modify the June 9 CMO so as to provide Plaintiffs with six months to submit the Affidavits, and, by Order dated July 31, 2008, this Court denied Plaintiffs' request for focused discovery on the Knowledgeability Defense.

The Landowner Plaintiffs' current motion to amend their complaint only relates to the complaint filed in *Corlew*.

## II. DISCUSSION

### A. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 15(a), leave to amend "shall be freely granted when justice so requires." Fed. R.Civ.P. 15(a). "Although [Rule 15(a) ] requires that leave should be granted freely,

---

**2.** The Landowner Plaintiffs brought this action against Defendants claiming negligence, breach of warranty, strict liability, fraud, negligent infliction of emotional distress, intentional infliction of emotional distress, abnormally dangerous activity, medical monitoring, fear of contracting illness, nuisance, trespass, unjust enrichment, willful and wanton misconduct, and violations of the Comprehensive Environmental Response, Compensation, and

Liability Act of 1980, 42 U.S.C. 9601 *et seq.* ("CERCLA").

**3.** In addition, the Order granted Pharmacia Defendants' motions to dismiss in part, dismissing claims of the current employees and former employees of GE (collectively, the "Employees"), including breach of warranty, fraud, assault, and battery.

it is within the sound discretion of the court whether to grant leave to amend." *John Hancock Mut. Life Ins. Co. v. Amerford Intern. Corp.*, 22 F.3d 458, 462 (2d Cir.1994) (*citing Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)).

■ Leave to amend a complaint should be granted "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman*, 371 U.S. at 182, 83 S.Ct. 227; *see also Richardson Greenshields Sec., Inc. v. Lau*, 825 F.2d 647, 653 n. 6 (2d Cir.1987) ("A motion to amend should be denied only for such reasons as 'undue delay, bad faith, futility of the amendment, and perhaps most important, the resulting prejudice to the opposing party.'") (*quoting State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir.1981)).

## B. *APPLICATION*

The Landowner Plaintiffs seek to amend their complaint (the "Complaint") in order to augment its factual allegations to include, in addition to PCBs, various other contaminants (the "Additional Contaminants")[4] that GE allegedly released into the environment that the Landowner Plaintiffs claim caused them injury.

GE[5] argues that the Landowner Plaintiffs' motion for leave to file the Second Amended Complaint should be denied because: (1) the Landowner Plaintiffs unduly delayed in seeking such leave; (2) GE will be unfairly prejudiced; (3) the additional factual allegations asserted in the Second Amended Complaint are without merit; (4) the Second Amended Complaint fails to plead with specificity and is internally inconsistent; (5) the Second Amended Complaint is a delaying tactic; and (6)the Landowner Plaintiffs' motion to amend the Complaint violates the Court's Individual practices.[6] The Court disagrees for several reasons.

■ First, the Court is not persuaded that the Landowner Plaintiffs unduly delayed seeking leave to amend the Complaint. The Complaint initially focused on the manufacture and sale of materials and products containing PCBs from the Pharmacia Defendants to GE for the manufacture of various products at the GE Plant, and how the environmental contamination from PCBs at the GE Plant allegedly caused injury to the Landowner Plaintiffs. The Landowner Plaintiffs assert that they initially focused on PCBs because of the known health and environmental risks associated with PCBs, and the known presence of PCBs in the environment around the GE Plant. The Landowner Plaintiffs further assert that through discussions with potential experts subsequent to the filing of the Complaint they now have acquired a better understanding of the envi-

---

**4.** The Additional Contaminants include, but are not limited to, volatile organic compounds, semivolatile organic compounds, light non-aqueous phase liquids, and inorganic metals.

**5.** The Pharmacia Defendants take no position on the proposed amendments to the Complaint because the proposed amendments only relate to GE.

**6.** Although this Court's Individual Practices require a pre-motion conference, the Landowner Plaintiffs claim that, at the June 13 Conference, Magistrate Judge Peck stated that the Landowner Plaintiffs should file the instant motion with this Court and, therefore, it appears that the Landowner Plaintiffs did not believe a pre-motion conference was required.

ronmental risks arising from GE's operations at the GE plant involving PCBs, as well as the Additional Contaminants. The Landowner Plaintiffs currently seek to amend the factual allegations only so as to include the Additional Contaminants without asserting any new claims.

■ Even if the Court were to agree with GE that the Landowner Plaintiffs had all the necessary information concerning the Additional Contaminants available to them prior to the Landowner Plaintiffs' filing the Complaint, and that the Landowner Plaintiffs delayed in amending the Complaint to include the Additional Contaminants, " '[m]ere delay, ... absent a showing of bad faith or undue prejudice, does not provide a basis for the district court to deny the right to amend.' " *Richardson*, 825 F.2d at 653 n. 6 (*quoting State Teachers*, 654 F.2d at 856).

■ Second, there is not sufficient evidence on the record to suggest that GE will be unduly prejudiced. First, GE argues that it will be prejudiced because it focused its defense in this litigation on PCBs, and it has expended great time and resources in collecting and producing documents related to PCBs. The Court is not persuaded. In 1987, the New York State Department of Environmental Conservation ("NYSDEC") classified the GE Plant as a "Class 2 site," meaning that it posed a significant threat to the public health or the environment and action to correct that hazard was required. In 1995, GE entered into an order on consent (the "Consent Order") to complete a site-wide environmental investigation of the GE Plant, and, in accordance with the Consent Order, GE completed a Remedial Investigation and Feasibility Study (the "RI/FS") of the GE Plant. In March 2005, the NYSDEC issued a Record of Decision ("ROD") based the information and technical analysis contained in the RI/FS. (*See* GE Mem. at 6 n.

6.) None of these tests and measures appears to be limited to PCBs. Thus, the Court agrees with the Landowner Plaintiffs that the collection and production of documents relating to the Additional Contaminants should not present an unduly prejudicial burden on GE since much of the information concerning the Additional Contaminants must have been compiled for, or are contained in, the various investigations conducted at the GE Plant. In addition, any documents concerning the Additional Contaminants that GE may have in its possession may already be discoverable as it is plausible for the Pharmacia Defendants to argue that any injury to the Landowner Plaintiffs' property was not caused by PCBs but some other contaminant from the GE Plant. Thus, the Pharmacia Defendants may seek potentially the same discovery relating to the Additional Contaminants that the Landowner Plaintiffs would seek in connection with their proposed new allegations.

Second, GE argues that it will be prejudiced because amending the Complaint will delay litigation in this case, and thereby prolong the Court's decision on the propriety of class certification. Specifically, GE claims that the statute of limitations is tolled as against all absent class members until class certification is denied or the case dismissed, and amending the Complaint will only delay resolution of this issue and continue tolling any applicable statute of limitations. However, the Court is not persuaded that amending the Complaint will significantly delay the litigation. The Landowner Plaintiffs seek to amend the Complaint only to add factual allegations relating to issues that involve discovery of relevant documents that GE should already have in its possession, or that are likely discoverable even if the Complaint is not amended. Further, the Landowner Plaintiffs do not seek to add new claims,

discovery is not complete, and the parties are far from ready to prepare summary judgment motions.

The Court notes that during a status conference before Magistrate Judge Peck on June 13, 2008 (the "June 13 Conference"), the Landowner Plaintiffs explained that they "were not proposing that [amending the Complaint] extend the discovery schedule in any fashion," and that they did not "think [that they] need[ed] anything additional by way of discovery at least at this point other than the demands that [they] have made." (*See* Transcript of Oral Argument dated June 13, 2008, attached as Ex. I to Siegel Decl., at 2:25–3:3.) Although the Landowner Plaintiffs subsequently contradicted that statement at the June 13 Conference by stating that they would need more time for discovery if the Complaint was amended, the Court is not inclined to grant the Landowner Plaintiffs a substantial extension of the discovery schedule set forth in the Modified CMO based on the addition of factual allegations to the Complaint regarding the Additional Contaminants, because such an extension is unwarranted and may be prejudicial to GE.

█ Third, the Court disagrees with GE that the additional allegations in the Second Amended Complaint are without merit. GE argues that the Landowner Plaintiffs offer "no competent proof" that any of the alleged Additional Contaminants migrated from the GE Plant to the Landowner Plaintiffs' properties. (GE Mem. at 12.) However, the Landowner Plaintiffs are not required to prove their case at this stage of the pleadings. It is sufficient that the factual allegations concerning the Additional Contaminants are not speculative, *Bell Atl. Corp. v. Twombly,* — U.S. —, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007), nor are they based on unwarranted deductions of fact or conclusions of law.

*See First Nationwide Bank v. Gelt Funding Corp.,* 27 F.3d 763, 771 (2d Cir.1994). The Landowner Plaintiffs claim to have evidence that PCBs migrated beyond the boundaries of the GE Plant and into the surrounding community and, according to the ROD, various contaminants have migrated into groundwater. Therefore, based on this information, the Landowner Plaintiffs have alleged that the Additional Contaminants may have migrated beyond the boundaries of the GE Plant into the Landowner Plaintiffs' properties. The Landowner Plaintiffs should be afforded the opportunity to substantiate these allegations with relevant discovery.

Fourth, the Court is not persuaded by GE's argument that the Landowner Plaintiffs' motion to amend the complaint should be denied because the allegations asserted in the Second Amended Complaint are inconsistent or insufficient. First, the inconsistencies that GE focuses on in the Second Amended Complaint are that: (1) the Second Amended Complaint contains all the causes of action stated in the original complaint, even the causes of action that this Court dismissed in the Order; and (2) although the Landowner Plaintiffs seek to add factual allegations concerning the Additional Contaminants, the Landowner Plaintiffs claim that injury was caused by "the ongoing release of PCBs from the [GE Plant]." (GE Mem. at 15.) However, the Landowner Plaintiffs have already submitted a modified Second Amended Complaint that does not include the causes of action that this Court dismissed in the Order, and the Landowner Plaintiffs have agreed to modify the Second Amended Complaint further to read: "the ongoing release of PCBs and other contaminants from the [GE Plant]." (Landowner Plaintiffs' Mem. at 8.)

█ Second, GE argues that the Landowner Plaintiffs have not pled with any

specificity what Additional Contaminants have migrated onto the Landowner Plaintiffs' properties, and that the definition of Additional Contaminants is overly broad because the definition is preceded by the phrase "include, but are not limited to." (Second Am Compl. at 40.) The Landowner Plaintiffs' claim that the definition of the Additional Contaminants in the Second Amended Complaint relies on the contaminants identified in the ROD. A review of the ROD indicates that extensive testing was conducted at the GE Plant to identify various contaminants present at the GE Plant. For almost two decades, the GE Plant has been investigated and remediation efforts performed. It is clear from the Second Amended Complaint that the Landowner Plaintiffs seek to include any and all contaminants that migrated from the GE Plant onto the Landowner Plaintiffs' properties. The Federal Rules of Civil Procedure do not require that the Landowner Plaintiffs plead with specificity all contaminants that may have migrated from the GE Plant to the Landowner Plaintiffs' property to satisfy the general pleading requirements to put GE on notice of the grounds for which the Landowner Plaintiffs seek relief. *See* Fed.R.Civ.P. 8. Thus, GE has sufficient notice that the Landowner Plaintiffs' new allegations pertain to whatever contaminants, if any, may have migrated from the GE Plant onto the Landowner Plaintiffs' properties.

Finally, because amending the Complaint should not significantly delay this litigation and for all the reasons stated above, the Court is not persuaded that the Second Amended Complaint represents a delaying tactic.

### III. *ORDER*

For the reasons stated above, it is hereby

**ORDERED** that the motion (Docket No. 76) of plaintiffs Armand Corlew, Vincent Riggi, Stephen Cernak, Jr., and Ruth Depaolo, individually and on behalf of a class similarly situated, to file a Second Amended Complaint is GRANTED.

**SO ORDERED.**