Patricia J. CURTO, Plaintiff–Appellant,

v.

Nelson ROTH, Individually and as Associate University Counsel for Cornell University, Valerie Cross, Individually and as Associate University Counsel for Cornell University, Hunter III Rawlings, Individually and as President, Cornell University, Cornell University, Donald Smith, Individually and as Dean, NYS College of Veterinary Medicine, Katherine Edmondson, Individually and as Assistant Dean, NYS College of Veterinary Medicine, Lisa Clark, Individually and as Coordinator of Student Records, NYS College of Veterinary Medicine, New York State College of Veterinary Medicine, Robert King, Individually and as Chancellor, Suny, Richard B. Miles, Individually and as Commissioner, NYS Education Department,

State University of New York, Rod Paige, Individually and as Secretary of Education, U.S. Department of Education, United States Department of Education, Susan Stevens Suarez, Individually and as Professor, NYS College of Veterinary Medicine, Linda Allen Mizer, Individually and as Lecture Sr., NYS College of Veterinary Medicine, New York State Department of Education, Defendants–Appellees,

John & Jane Does, Anonymous Unnamed School Officials and Employees of Cornell University and the New York State College of Veterinary Medicine, Defendants.

No. 05–6564–cv.

United States Court of Appeals, Second Circuit.

Oct. 9, 2008.

Patricia J. Curto, West Seneca, NY, pro se.

Valerie L. Cross, Ithaca, NY, for Defendants–Appellees Roth, Cross, Rawlings, Cornell University, Smith, Edmondson, Clark, New York State College of Veterinary Medicine, Suarez, and Mizer.

Kate H. Nepveu, Albany, NY, for Defendants–Appellees King, State University of New York, New York State Department of Education, and Mills.

Paula Ryan Conan, Syracuse, NY, for Defendants–Appellees Page and United States Department of Education.

PRESENT: Hon. SONIA SOTOMAYOR, Hon. ROGER J. MINER and Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Patricia J. Curto appeals from an order of the district court directing that her Federal Rule of Civil Procedure 60(b) motion not be filed, that her papers be returned to her, and that she seek permission from the district court before submitting any further documents for filing. The defendants-appellees consent to remand as to that portion of the district court's order that prevented Curto from filing her motion. We assume the parties' familiarity with the facts, proceedings below, and specification of appellate issues and hold as follows.

■ While the district court's ruling that Curto's motion was time-barred may prove to be correct on remand, the court lacked power to prevent Curto from filing a motion authorized by the Federal Rules of Civil Procedure. *See Richardson Greenshields Secs. Inc. v. Lau,* 825 F.2d 647, 652 (2d Cir.1987). Requiring that the district courts allow filing of even those motions that, on their face, may appear to lack merit is necessary to enable appellate review. *See IBM v. Edelstein,* 526 F.2d 37, 45 (2d Cir.1975); *see also Sealed Plaintiff v. Sealed Defendant,* 537 F.3d 185, 192 (2d Cir.2008).

■ Moreover, while the district court had the authority to enjoin Curto from future vexatious filing, the unequivocal rule in this circuit is that the district court may not impose a filing injunction on a litigant *sua sponte* without first providing the litigant with notice and an opportunity to be heard. *See Safir v. United States Lines, Inc.,* 792 F.2d 19, 23–24 (2d Cir.

1986); *Moates v. Barkley,* 147 F.3d 207, 208 (2d Cir.1998). While, in January 2003, the district court warned Curto of the consequences of filing deficient pleadings, the court failed to provide Curto with an opportunity to be heard.

We therefore vacate those portions of the district court's order that prevented Curto from filing her Rule 60(b) motion and enjoined her from future filing. We remand in order that the Rule 60(b) motion be filed and addressed on its merits and for the district court to provide Curto an opportunity to be heard.