ter, Knobbe, Martens, Olson & Bear, LLP, Irvine, CA, for Star Envirotech, Inc.

Before RADER, Chief Judge, LOURIE and TARANTO, Circuit Judges.

## ON PETITION

## ORDER

RADER, Chief Judge.

The Patent Trial and Appeal Board rejected Redline Detection, LLC's attempts to accept into the record certain documents not part of its initial submission. Redline now asks this court to issue a writ of mandamus to compel the Board to accept those documents. We deny the petition.

This petition arises out of Redline's ongoing efforts to challenge the validity of U.S. Patent No. 6,526,808, which is owned by STAR EnviroTech, Inc.

In January 2013, Redline petitioned for *inter partes* review ("IPR") of claims 9 and 10 of that patent, alleging those claims were invalid under 35 U.S.C. § 103. When it did so, Redline apparently neglected to include expert declarations in support of its arguments.

On the eve of the parties' initial conference call with the Board, Redline moved to submit two prior art patents and two declarations providing testimony and support for combining the references of record. Redline claimed that the motion was proper under 37 C.F.R. § 42.123(a), entitled "[m]otion to submit supplemental information," because the request was timely and the information was relevant.

After the conference call, the Board denied the motion. The Board noted, among other things, that Redline could have included the information in its petition and that the information was not merely "supplemental," because it included arguments and responses to the Board's decision to institute the IPR.

Redline moved the Board to reconsider its holding. The Board affirmed its holding, additionally noting that Redline had failed to demonstrate that the two prior art references were relevant to the claims at issue in the present case. This petition followed.

Redline seeks a writ of mandamus to compel the Board to accept its submissions. But, mandamus is rarely a proper means by which an appellate court should take up such evidentiary matters. *See In re MSTG, Inc.,* 675 F.3d 1337, 1341 (Fed. Cir.2012). An evidentiary ruling by the Board can be reviewed after the Board's final decision, *see, e.g., Chen v. Bouchard,* 347 F.3d 1299, 1307–08 (Fed.Cir.2003), and this court sees no reason to depart from that usual course here. The petition is therefore denied without prejudice to Redline again raising its § 42.123 arguments on appeal after the Board's final decision in the IPR.

Accordingly,

IT IS ORDERED THAT:

The petition is denied.

In re VUTEC CORPORATION, and Farralane Lighting Audio and Video Systems, Inc., Petitioners.

No. 2014–103.

United States Court of Appeals, Federal Circuit.

Dec. 11, 2013.

Before RADER, Chief Judge, LOURIE and TARANTO, Circuit Judges.

## ORDER

RADER, Chief Judge.

Vutec Corporation et al. petition for a writ of mandamus directing the United States District Court for the Eastern District of New York to compel the court to adjudicate their second motion for summary judgment. Vutec also seeks to reassign the case to another trial judge in the Eastern District of New York. Philip A. Pecorino et al. oppose.

In its first motion for summary judgment, Vutec alleged that the doctrine of laches barred Pecorino from filing this patent infringement suit. On the same day that motion was denied, Vutec asked, pursuant to the trial court's standing order, for a pre-motion conference regarding its intention to file a second summary judgment motion, this time asserting invalidity of the patent in suit. The district court denied the motion for a pre-motion conference without prejudice to renewal. Vutec sought reconsideration, which the district court also denied. In doing so, the court explained that it was "not denying [Vutec's] right to file the proposed summary judgment motion, but was delaying the filing of that motion until after discovery is completed, in order to avoid premature and/or unnecessary briefing by the parties."

Because the writ of mandamus is reserved for "extraordinary situations," and is thus to be invoked only sparingly, three requirements must be satisfied before issuance: first, the petitioner must show a "clear and indisputable" right to the writ; second, the petitioner must have "no alternative means to attain the relief desired"; and third, the grant of mandamus must be deemed appropriate under the circumstances. *Kerr v. U.S. Dist. Court*, 426 U.S. 394, 403, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976). Here, this court cannot say that this standard has been met.

To be sure, the cases cited by Vutec support limits on a court's ability to prevent a party from filing pleadings or motions authorized by the Federal Rules of Civil Procedure. *See, e.g., Richardson Greenshields Sec., Inc. v. Mui–Hin Lau*, 825 F.2d 647, 652 (2d Cir.1987). Nonetheless, a trial court retains considerable discretion to determine the timing of a motion for summary judgment. *See* Fed.R.Civ.P. 56(b) ("[u]nless a different time is set by local rule or the court orders otherwise . . ."); *see also Sec. & Exch. Comm'n v. Rajaratnam*, 622 F.3d 159, 186 (2d Cir. 2010) (district courts have "considerable discretion" to control their dockets, including the scheduling of motions practice).

In light of the district court's assessment in this case that discovery might reasonably assist in deciding the summary judgment motion by preventing unnecessary or premature briefing, this court is not prepared to say that the district court's temporary suspension of the summary judgment proceedings was a clear abuse of discretion.

This court also concludes that Vutec has not shown entitlement to mandamus for reassignment of this case.

Accordingly,

IT IS ORDERED THAT:

The petition is denied.