NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**IN RE VUTEC CORPORATION, AND FARRALANE LIGHTING AUDIO AND VIDEO SYSTEMS, INC.,**
*Petitioners.*

---

2014-103

---

On Petition for Writ of Mandamus to the United States District Court for the Eastern District of New York in No. 2:11-CV-06312-PKC, Judge Pamela K. Chen.

---

**ON PETITION**

---

Before RADER, *Chief Judge*, LOURIE and TARANTO, *Circuit Judges*.

RADER, *Chief Judge*.

## O R D E R

Vutec Corporation et al. petition for a writ of mandamus directing the United States District Court for the Eastern District of New York to compel the court to adjudicate their second motion for summary judgment. Vutec also seeks to reassign the case to another trial judge in the Eastern District of New York.  Philip A. Pecorino et al. oppose.

In its first motion for summary judgment, Vutec alleged that the doctrine of laches barred Pecorino from filing this patent infringement suit. On the same day that motion was denied, Vutec asked, pursuant to the trial court's standing order, for a pre-motion conference regarding its intention to file a second summary judgment motion, this time asserting invalidity of the patent in suit. The district court denied the motion for a pre-motion conference without prejudice to renewal. Vutec sought reconsideration, which the district court also denied. In doing so, the court explained that it was "not denying [Vutec's] right to file the proposed summary judgment motion, but was delaying the filing of that motion until after discovery is completed, in order to avoid premature and/or unnecessary briefing by the parties."

Because the writ of mandamus is reserved for "extraordinary situations," and is thus to be invoked only sparingly, three requirements must be satisfied before issuance: first, the petitioner must show a "clear and indisputable" right to the writ; second, the petitioner must have "no alternative means to attain the relief desired"; and third, the grant of mandamus must be deemed appropriate under the circumstances. *Kerr v. U.S. Dist. Court*, 426 U.S. 394, 403 (1976). Here, this court cannot say that this standard has been met.

To be sure, the cases cited by Vutec support limits on a court's ability to prevent a party from filing pleadings or motions authorized by the Federal Rules of Civil Procedure. *See, e.g., Richardson Greenshields Sec., Inc. v. Mui-Hin Lau*, 825 F.2d 647, 652 (2d Cir. 1987). Nonetheless, a trial court retains considerable discretion to determine the timing of a motion for summary judgment. *See* Fed. R. Civ. P. 56(b) ("[u]nless a different time is set by local rule or the court orders otherwise . . ."); *see also Sec. & Exch. Comm'n v. Rajaratnam*, 622 F.3d 159, 186 (2d Cir. 2010) (district courts have "considerable discretion" to

control their dockets, including the scheduling of motions practice).

In light of the district court's assessment in this case that discovery might reasonably assist in deciding the summary judgment motion by preventing unnecessary or premature briefing, this court is not prepared to say that the district court's temporary suspension of the summary judgment proceedings was a clear abuse of discretion.

This court also concludes that Vutec has not shown entitlement to mandamus for reassignment of this case.

Accordingly,

IT IS ORDERED THAT:

The petition is denied.

FOR THE COURT

/s/   Daniel E. O'Toole
        Daniel E. O'Toole
        Clerk of Court

s23