Trisvan v. Annucci

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of October, two thousand twenty-two.

PRESENT:
> **DENNY CHIN,**
> **SUSAN L. CARNEY,**
> **JOSEPH F. BIANCO,**
> > *Circuit Judges.*

_____

John Trisvan,

> *Plaintiff-Appellant*,

> v.                                                            21-2162

Anthony Annucci, Acting Commissioner of New York State Division of Parole, Parole Officer Rabiah Gaynor,[*]

> *Defendants-Appellees*,

Letricia McCleary, Senior Parole Officer, Brooklyn Area Office, Anne Gould, Parole Officer, Brooklyn Area Office, Yvonne King, Parole Officer, Brooklyn Area Office, Andrea Evans, Former Chair Board of Parole (2009-2013), Tina Stanford, Present Chair Board of Parole (2013-Present), Vikky Urena, Parole Officer, Brooklyn Area Office, Hal Wilkerson,

_____

[*] The Clerk of Court is directed to amend the caption by replacing "Ivy Gaynor" with "Rabiah Gaynor."

**Senior Parole Officer, Nigel Joseph, Regional Director (formerly Bureau Chief), Audrey Thompson, Reentry Manager (formerly Senior Parole Officer),**

*Defendants.*

_____

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | JOHN TRISVAN, pro se, Brooklyn, NY. |
| **FOR DEFENDANTS-APPELLEES:** | MATTHEW W. GRIECO, Senior Assistant Solicitor General, (Barbara D. Underwood, Solicitor General, Stephen J. Yanni, Assistant Solicitor General, *on the brief*), *for* Letitia James, Attorney General of the State of New York, New York, NY. |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Brodie, *C.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant John Trisvan, pro se, appeals from the district court's judgment dismissing for failure to state a claim his allegations that his parole conditions were unconstitutional and granting summary judgment to defendants-appellees Anthony Annucci and Rabiah Gaynor on his claim that they retaliated against him for complaining about the denial of a travel request. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal. We review *de novo* the grant of a motion to dismiss and the award of summary judgment. *Washington v. Barr*, 925 F.3d 109, 113 (2d Cir. 2019) (motion to dismiss); *Sousa v. Marquez*, 702 F.3d 124, 127 (2d Cir. 2012) (summary judgment).

Here, our review of the record and relevant case law reveals that the district court did not err when it dismissed Trisvan's parole conditions claims and granted summary judgment to Annucci and Gaynor on his retaliation claim. We affirm the judgment as to those claims for

2

substantially the reasons stated by the district court in its orders dated May 30, 2019, and August 24, 2021. The following discussion addresses Trisvan's primary arguments about other purported district court errors.

First, neither the motion to dismiss nor the motion for summary judgment required an evidentiary hearing. The motion to dismiss was decided solely on the sufficiency of the complaint. *See Halebian v. Berv*, 644 F.3d 122, 130 (2d Cir. 2011) (observing that courts do "not ordinarily look beyond the complaint and attached documents in deciding a motion to dismiss" for failure to state a claim). As for the summary judgment motion, Trisvan failed to provide any rebuttal to defendants' evidence that was sufficient to create a disputed issue of material fact. *See Seife v. U.S. Food & Drug Admin.*, 43 F.4th 231, 243–44 (2d Cir. 2022) (concluding, in summary judgment context, that non-movant was "not entitled to an evidentiary hearing or additional discovery" because he had not "successfully dispute[d] [movants'] showing with his own evidence—much less show[n] a genuine dispute of material fact").

Second, the district court properly dismissed Trisvan's claims about parole conditions without granting further leave to amend. Trisvan failed to cure the complaint's deficiencies in the three opportunities to amend that the district court had already provided. Granting further leave to amend was "unlikely to be productive," *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) (per curiam), and therefore unwarranted here.

Third, because Trisvan did not demonstrate that his claims had "some likelihood of merit," the district court did not abuse its discretion by denying his motion for appointment of counsel. *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 174 (2d Cir. 1989) (per curiam). Further, Trisvan waived appellate review of the appointment-of-counsel issue by not filing objections to the magistrate

3

judge's order denying appointment of counsel. *See* Fed. R. Civ. P. 72(a); *Spence v. Md. Cas. Co.*, 995 F.2d 1147, 1155 (2d Cir. 1993).

Fourth, the district court did not err by declining the defendants' requests for pre-motion conferences. The decision to hold such conferences is discretionary, *see* Fed. R. Civ. P. 16(a) (providing that a court "*may* order . . . one or more pretrial conferences" (emphasis added)), and Trisvan's belief that such conferences would have given him an opportunity for fact-finding does not render the district court's decision an abuse of discretion, *cf. Richardson Greenshields Sec., Inc. v. Mui-Hin Lau*, 825 F.2d 647, 652 (2d Cir. 1987) (observing that a pre-motion conference "may serve the useful purpose of narrowing and resolving conflicts between the parties and preventing the filing of unnecessary papers").

Fifth, Trisvan's argument that he was denied his Seventh Amendment right to a jury trial is meritless. *See Benjamin v. Traffic Exec. Ass'n E. R.Rs.*, 869 F.2d 107, 115 n.11 (2d Cir. 1989). ("Plaintiffs cannot attack summary judgment decisions as inimicable to the seventh amendment.").

Finally, Trisvan's assertion that the district court granted qualified immunity to the defendants is incorrect. The district court expressly declined to reach that issue. *See Trisvan v. Annucci*, 2021 WL 3741650, at *4 n.6 (E.D.N.Y. Aug. 24, 2021).

We have considered all of Trisvan's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4